THE METROPOLITAN STREET RAILWAY COMPANY V. LUTHER M. SUMMERS.

No. 14,918   (89 Pac. 652.)

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Negligence in Operating Street-cars—Inference by the Jury.* It is not error to submit to the jury in a collision case the question whether it was negligence for an electric car to be run upon a designated street of the city in which the trial is had at the rate of twelve to fifteen miles an hour, although no showing is made of any ordinance affecting the matter, or of what speed was usual, or of the extent of business ordinarily carried on at the place of injury. In considering such question the jury may without evidence take notice in a general way of the amount and character of the traffic carried on upon such street.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed March 9, 1907. Affirmed.

*Miller, Buchan & Miller,* for plaintiff in error.

*David J. Smith,* and *William B. Sutton,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: Luther M. Summers recovered a judgment against the Metropolitan Street Railway Company for damages sustained in consequence of a street-car running into a wagon in which he was crossing the track on Kansas avenue, in Kansas City, Kan., and the company prosecutes error. The principal contentions

made are that a demurrer to the evidence should have been sustained, and that the evidence did not warrant the instructions that were given.

One ground of negligence relied on was the running of the car at a dangerous rate of speed. There was evidence that it was making from twelve to fifteen miles an hour. No ordinance regulating the matter was shown and there was no specific testimony that the rate was unusual. The jury must be assumed to have known in a general way of the amount and character of the traffic ordinarily carried on upon the street where the accident occurred—to the extent at least of recognizing that Kansas avenue was there not merely a laid-out highway, but an important thoroughfare of the city. Such fact was necessarily a matter of such common knowledge that it could be judicially noticed. (*K. C. Ft. S. & G. Rld. Co. v. Burge,* 40 Kan. 736, 21 Pac. 589; *The State v. Ruth,* 14 Mo. App. 226.) In view of this it was a fair matter for their determination whether the speed was safe; if the speed was unsafe it implied negligence. (27 A. & E. Encycl. of L. 61.)

An elaborate argument is made to the effect that the plaintiff was guilty of contributory negligence in attempting to cross the track in front of the advancing car, but it depends upon the assumption that when he saw the car he knew how fast it was going. The evidence is consistent with the theory that he supposed the car to be going at a less speed and was justified in believing that he had time to cross in safety. (See *Railroad Co. v. Gallagher,* 68 Kan. 424, 75 Pac. 469.)

An instruction is complained of which involved the "last clear chance" doctrine, and authorized a recovery notwithstanding the plaintiff might have been negligent in driving upon the track, if the motor-man by reasonable diligence could have prevented the accident after discovering him there. The defendant maintains that if the plaintiff was guilty of contributory negligence at all his negligence continued up to the time of

the injury, and bars a recovery within the principle of *Dyerson v. Railroad Co.,* 74 Kan. 528, 87 Pac. 680. The rule there stated does not apply to the facts of the present case. After the plaintiff had driven upon the track there was a considerable interval in which he was powerless to avert the collision. It took an appreciable time for him to drive on across, as he did, and it would have taken him longer to turn around and go back. The jury may have believed that during this period the motor-man by reasonable diligence could have stopped his car or have slowed down sufficiently to permit the plaintiff to escape.

"The test is, What wrongful conduct occasioning an injury was in operation at the very moment it occurred or became inevitable? If just before that climax only one party had the power to prevent the catastrophe, and he neglected to use it, the legal responsibility is his alone." (*Dyerson v. Railway Co., supra,* p. 536.)

The judgment is affirmed.