[No. 9059.    Department One.    December 12, 1910.]

FRANK NAPPLI, *Respondent*, v. SEATTLE, RENTON &
SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

STREET RAILROADS—COLLISIONS—CROSSINGS—CONTRIBUTORY NEGLI-
GENCE—QUESTION FOR JURY. The driver of an express wagon is not
guilty of contributory negligence, as a matter of law, in attempting
to cross a street car track at a street crossing in front of a car from
100 feet to a block away, approaching a crossing where all cars come
to a full stop, he having the right to assume that the car was under
control.

Appeal from a judgment of the superior court for King
county, Shackleford, J., entered March 7, 1910, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained by the driver of a
wagon through collision with a street car. Affirmed.

*Morris B. Sachs*, for appellant.

*William C. Keith* (*E. F. Keinstra*, of counsel), for respond-
ent.

MOUNT, J.—The defendant prosecutes this appeal from a
judgment rendered on the verdict of a jury in an action for
personal injuries. The injury occurred to the plaintiff on
April 6, 1908, between the hours of five and six o'clock in the
evening. He was driving a team of horses hitched to an express
wagon across the tracks of the appellant company, in Seattle,
where Dearborn street crosses Rainier avenue, when one of the
defendant's cars ran upon him, killed his team, and severely
injured the plaintiff. The complaint alleged that the car was
running at an excessive rate of speed. The defense was a
general denial, and also that the plaintiff was guilty of con-
tributory negligence. The action was tried to the court and
a jury, and verdict was returned for the plaintiff in the sum
of $3,500. After motion for new trial was denied, judgment
was entered upon the verdict, and defendant has appealed.

[1]Reported in 112 Pac. 89.

Several assignments of error are made, but the only question upon which a reversal is urged is that the court should have directed a verdict for the defendant. It appears that the appellant operates a line of double track electric street railway on Rainier avenue in the city of Seattle. This avenue runs north and south. On the west of the railway track the street is planked and used for general travel. On the east of the tracks the street is not improved and is not used. Dearborn street crossed Rainier avenue at right angles. From Dearborn street north, Rainier avenue is straight for four blocks to Jackson street, where another electric street car line crosses Rainier avenue, and where cars always come to a full stop. On Rainier avenue there is a steep down grade, about nine per cent, all the way from Jackson street south to Dearborn street.

On the evening of April 6, 1908, about 5:30 p. m., when it was daylight, the respondent was driving south on the west side of the railway tracks on Rainier avenue between Jackson and Dearborn streets. When he came to Dearborn street he attempted to cross east over the railway tracks, when he was run down by the car. He testified that, before he came to the crossing, he looked back three different times to see if the car was coming, and saw nothing; that he looked back the last time when he was within twenty-five feet of the crossing, and saw no car; that when he drove upon the street car tracks, one wheel of his wagon dropped into a hole between the tracks, and while his horses were pulling on the wagon, the car struck him. Some witnesses testified on his behalf that, when respondent drove upon the track, the car was a block away; others, that it was one hundred feet away, coming down grade from Jackson street to Dearborn street and running at sixty miles an hour. It is agreed that the city ordinance prohibited a greater rate of speed than twelve miles per hour for street cars within the business and settled residence district of the city.

The question in the case is whether the court should have

said, as a matter of law, that the respondent was guilty of contributory negligence in crossing the street car tracks as he did. If respondent drove his team in front of a car which he knew, or should have known, was coming down upon him and could not be stopped, he is himself negligent and cannot recover. The rule, we think, is correctly stated in *McCarthy v. Consolidated R. Co.*, 79 Conn. 73, 63 Atl. 725, and cited by the appellant, as follows:

"At highway crossings, a street car has no paramount right as against any other vehicle approaching on the cross street. The right attaching to each is equal, and must be exercised with due regard to that attaching to the other, and so as not to interfere with or abridge it unreasonably. It is not necessarily the duty of the driver of an approaching team to wait until the street car has passed, nor is it necessarily his right to push on and cut off its advance. Each party must act reasonably under all the attending circumstances. The driver of an ordinary vehicle can, under ordinary circumstances, be justified in proceeding, at a highway crossing, to go over a street railway in the face of an approaching car, when, and only when, he has reasonable ground for believing that he can pass in safety if both he and those in charge of the car act with reasonable regard to the rights of each other. The duty to slow up or stop, if necessary to prevent a collision, rests equally on each party. In practical effect these doctrines give any railroad car approaching a highway crossing, what amounts to a right of precedence. This follows from the rule respecting contributory negligence. No man has the right to calculate close chances as to his ability to reach the track before the car, and throw the risk of injury on the other party. As to whether the chances were close, however, and the railroad company were not the one really in fault, or whether the party injured did not push forward under circumstances of emergency which left him no time for calculation, will ordinarily be a question for the jury."

In this case, assuming that the respondent should have seen the car before he drove upon the track because the car was evidently in plain view at that time, it was one hundred feet or possibly a block away. Under these circumstances,

we think it cannot be said, as a matter of law, that the respondent should not have attempted to cross over the tracks. He had a right to assume that the car was under control and, when the car was that far away, that he would be in no danger and might pass in safety without risk of danger. At any rate the question whether he was negligent in attempting to cross the track when the car was that far away was a question for the jury. Street crossings are to be used, and the mere fact that an approaching car is in sight does not determine the right of a traveler to cross. His right depends upon what a reasonably careful man would do under the circumstances. If the approaching car is so close and coming so fast that it cannot be stopped in time to avoid a collision, and such facts are or should be observed, then a person attempting to cross may be said to be negligent as a matter of law. But where an approaching car is far enough away to be stopped after a person has passed upon the tracks, or when a reasonably careful man would undertake to cross ahead of it, then it cannot be said, as a matter of law, that a person attempting to cross is negligent. This rule was substantially applied in *Denny v. Seattle, Renton & Southern R. Co.*, 60 Wash. 426, 111 Pac. 450.

The question of negligence of the respondent was therefore properly referred to the jury, and the judgment must be affirmed.

RUDKIN, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.