E. C. WILEY, *Appellant*, v. THE SOUTHWESTERN INTERURBAN RAILWAY COMPANY, *Appellee.*

No. 17,999.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Collision with Street Car*—*Contributory Negligence.* The failure of one driving upon a city street to look along a street-car track before attempting to cross it does not as a matter of law preclude a recovery on account of injuries occasioned by a collision with a car, unless by looking and seeing the car approaching he would necessarily have been apprised that he could not safely cross.

2. ——— *Same.* Where one driving by the side of a street-car track in a city attempts to cross to the other side at an intersecting street, and is struck by a car coming from the rear at

the rate of thirty miles an hour, he is not to be deemed guilty of contributory negligence as a matter of law because he had driven 300 feet at a walk since he last looked along the track, at which time he could see but 1400 feet, no car being then in sight.

Appeal from Cowley district court. Opinion filed March 8, 1913. Reversed.

*C. T. Atkinson,* of Arkansas City, for the appellant.

*J. Mack Love,* and *C. W. Wright,* both of Arkansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: A car of an interurban electric line ran into a team and covered wagon in a city street. The owner brought an action against the company. A demurrer to his evidence was sustained, upon the ground that it showed him to have been guilty of contributory negligence. He appeals.

The plaintiff introduced evidence tending to show these facts: Having stopped, while driving by the side of the track, parallel to it, he looked backward, where he could see a distance of three or four blocks of 350 feet each, and saw no car. He then drove at a walk for about 300 feet and, without again looking back, turned to cross the track at an intersecting street. A car coming from behind at the rate of thirty miles an hour, giving no signal until practically the moment of collision, struck the wagon in the rear part of the front wheels with such force as to carry it 180 feet, and the team half as far.

The defendant maintains that the plaintiff's failure to look again along the track before attempting to cross constitutes contributory negligence as a matter of law. The plaintiff contends that it was for the jury to determine from all the circumstances whether he had acted with reasonable prudence. A person driving across or upon a car track of any kind is required

to exercise ordinary care in providing for his own safety, in order to hold the company liable for injuries resulting from its negligence. But conduct on his part that would in the case of an ordinary railroad be held to be negligence as a matter of law, may in the case of a street railway be regarded either as absolutely blameless, or as of a debatable character, to be settled by the decision of the court or jury before whom the case is tried. (2 Joyce on Electric Law, §§ 570, 650; 36 Cyc. 1533-1542, especially 1539, note 73; Note, 15 L. R. A., n. s., 254.) It is perhaps not strictly accurate to say that a higher degree of care is required in the one case than in the other. **Ordinary care** must be exercised in either case, and in neither is more than that necessary. But specific precautions may be imperative in one case and not in the other. The fundamental difference is that the commercial railroad company needs to use its tracks, and so is accorded the right to use them, with comparatively little regard to other travel, while the cars of the street railway company can be, and so are required to be, operated more nearly upon terms of equality with other vehicles. The traveler by private conveyance has a right to act upon the assumption that a **street car** will be so controlled as to protect him, which he can not indulge so fully in the case of a train of cars. (36 Cyc. 1552.) Where one is driving lengthwise upon a street-car track the question of how often he must look behind, in order to be deemed to be in the exercise of ordinary diligence, is held to be one of fact. (36 Cyc. 1547, 1548, note 12; *Schilling v. Metropolitan Street R. Co.,* 47 N. Y. Supr. Ct., App. Div., 500, 62 N. Y. Supp. 403; *Bensiek v. Transit Co.,* 125 Mo. App. 121, 102 S. W. 587; *Ablard v. Detroit United Ry.,* 139 Mich. 248, 102 N. W. 741.) Where one is driving by the side of the track the situation is very much the same as though he were driving upon it. It may be said that in the one case a motorman who approaches from the rear

Wiley v. Interurban Railway Co.

necessarily sees the vehicle upon the track, while in the other he may have no notice of the intention of the driver to turn upon it. The driver, while upon the track, is justified in assuming that the street car will not approach dangerously near him without giving a signal. In a particular case it may be a fair question for a jury whether one driving beside the track may not also assume that a car, while running at such a high rate of speed as to place it beyond control, will not be brought, without any signal being given, so close to him that if he should attempt to turn upon the track a collision would be inevitable.

"A motorman seeing a team driving ahead of his car, in the same direction he is traveling, and parallel with the track, might be justified in assuming that the teamster would not attempt to cross the track at other points than street crossings, but he would not be justified in assuming that the driver would not cross when he reached the intersection of another street, where it might become necessary for him to change his course of travel." (*Tecklenburg v. Everett R. Light & Water Co.*, 59 Wash. 384, 387, 109 Pac. 1036, 34 L. R. A., n. s., 784, 788.)

One who is struck by a street car while attempting to cross a track is not held guilty of negligence as a matter of law, although he entered upon the track knowing that the car was approaching, if he had reason to believe its distance and speed gave him time to cross in safety. (*Railway Co. v. Slayman*, 64 Kan. 722, 68 Pac. 628; *Railroad Co. v. Gallagher*, 68 Kan. 424, 75 Pac. 469, 64 L. R. A. 344; *Railway Co. v. Summers*, 75 Kan. 342, 89 Pac. 690; *Murray v. St. Louis Transit Co.*, 108 Mo. App. 501, 83 S. W. 995; *Grimm v. Milwaukee E. R. & L. Co.*, 138 Wis. 44, 119 N. W. 833; 2 Thompson on Negligence, § 1450; 36 Cyc. 1536, notes 50 and 51.)

"If the driver of a vehicle who arrives at a street intersection and who sees an approaching car is justified in believing that there will be sufficient time for

him to cross the track before the car, if run at its usual and ordinary rate of ·speed, will reach the point of crossing, he can not be said as a matter of law to be guilty of negligence in attempting to cross, and the question is a question of fact for the jury, to be determined from all the evidence before it." (*Omaha Street R. Co. v. Mathiesen,* 73 Neb. 820, 824, 103 N. W. 666.)

"Whether one who has observed an approaching street car should have also apprehended that it was approaching at such a speed as to reach him before he could cross the track, is generally a question of fact to be determined upon the circumstances of each particular case." (*Lawler, Admr., v. Hartford Street Ry. Co.,* 72 Conn. 74, 82, 43 Atl. 545.)

In the present case the plaintiff knew he had time to cross the track before the car reached him, unless while he was going 300 feet it should travel at least the distance at which it could have been seen, which under the evidence might have been as much as 1400 feet. If he had a right to assume that the car would not travel over fifteen miles an hour, this gave him a considerable margin, for he could hardly have been more than a minute in going the three hundred feet. No ordinance limiting the speed of the cars was shown, but it was for the jury to say what rate under all the circumstances would be dangerous and negligent. (*Railway Co. v. Summers,* 75 Kan. 342, 89 Pac. 652.)

Considering the actual speed of the car, and assuming that it could be seen at no greater distance than three or four blocks, or 1050 to 1400 feet, if the plaintiff had looked back thirty seconds before the collision he either would not have seen the car at all or would have seen it at such a distance that he might well have supposed he had time to get safely over. From his position near the track he could not accurately gauge the speed of the car, and he could not be chargeable with notice that it was making thirty miles an hour. There was no moment of time, before he had advanced

too far to withdraw, of which it can be said with certainty that if he had then looked he must necessarily have seen that the car was too close to permit his crossing in safety. His failure to look is not fatal to his recovery unless by looking he would necessarily have been apprised of his danger, for otherwise the injury would not be shown to be due to his omission. (*Railway Co. v. Young*, 57 Kan. 162, 171, 45 Pac. 580; *Railway Co. v. Jaffi*, 67 Kan. 81, 72 Pac. 535.) A glance backward just before turning upon the track would have advised him that a car was approaching, but could hardly have told him of its great rate of speed, which was all that made the crossing dangerous. In *Nappli v. Seattle, Renton & S. R. Co.*, 61 Wash. 171, 112 Pac. 89, the facts were essentially the same as those here presented. There was evidence that the plaintiff was driving parallel to the street-car track, and undertook to cross it at an intersecting street, when he was struck by a car going at the rate of sixty miles an hour. He testified that he had last looked back when he was within twenty-five feet of the crossing. The court said:

"Assuming that the respondent should have seen the car before he drove upon the track because the car was evidently in plain view at that time, it was one hundred feet or possibly a block away. Under these circumstances, we think it can not be said, as a matter of law, that the respondent should not have attempted to cross over the tracks. He had a right to assume that the car was under control and, when the car was that far away, that he would be in no danger and might pass in safety without risk of danger. At any rate the question whether he was negligent in attempting to cross the track when the car was that far away was a question for the jury. Street crossings are to be used, and the mere fact that an approaching car is in sight does not determine the right of a traveler to cross. His right depends upon what a reasonably careful man would do under the circumstances. If the approaching car is so close and coming so fast that it can not be

stopped in time to avoid a collision, and such facts are or should be observed, then a person attempting to cross may be said to be negligent as a matter of law. But where an approaching car is far enough away to be stopped after a person has passed upon the tracks, or when a reasonably careful man would undertake to cross ahead of it, then it can not be said, as a matter of law, that a person attempting to cross is negligent." (p. 173.)

The judgment is reversed and a new trial ordered.