No. 21,698.

I. SALISBURY (Revived in the Name of THOMAS C. WILSON, Executor), *Appellee*, v. THE WICHITA RAILROAD AND LIGHT COMPANY, *Appellant*.

#### SYLLABUS BY THE COURT.

1. STREET RAILROAD — *Vehicle Crossing Track — Contributory Negligence—Fact for Jury.* A person driving a loaded wagon has the right to cross an electric street-railroad track in front of an approaching street car, if he has time to cross safely before the car reaches him; but if he looks and fails to see an approaching car, or if he sees it but misjudges its speed or its distance and an accident results in which he is injured, the question of contributory negligence on his part is one of fact for the jury.

2. SAME—*Instruction Refused—Error.* Where a material instruction that should be given is requested, but is not given, either by itself or in any other instruction, the verdict should be set aside and a new trial should be granted.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Reversed.

*Kos Harris,* and *V. Harris,* both of Wichita, for the appellant.

*D. M. Dale, S. B. Amidon, S. A. Buckland,* and *Glenn Porter,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it for personal and property injury sustained by I. Salisbury in a collision with one of the defendant's street cars in Wichita.

1. The first question argued is that the court erred in overruling the defendant's demurrer to the plaintiff's evidence. The defendant insists that the plaintiff's evidence showed that Salisbury was guilty of contributory negligence and that, for that reason, the demurrer to the plaintiff's evidence should have been sustained. There was evidence to prove the following facts: At the time of the accident Salisbury, with a team and loaded wagon, was attempting to drive across the defendant's electric street-railroad track in front of an approaching street car. The street was being paved and brick were piled

Salisbury v. Street Railroad.

along the track from two to five feet high. This prevented Salisbury from crossing the track on the street on which he was driving. He was compelled to turn from that street and go along the street-car track for about 40 feet, where there was a crossing place. From the street on which he was approaching the track, and from the place of the collision, he could see an approaching car for 300 feet. When he approached the track he looked to ascertain if a car were coming, but he did not see any car. He then drove along the track and attempted to cross it, when his wagon was hit by the street car. He looked again when he attempted to cross the track, but the car was then on him.

The defendant's argument is that if Salisbury had looked when he reached the street on which the track was laid, he would have seen the approaching car. The defendant further argues that Salisbury was guilty of contributory negligence in attempting to cross in front of the car which he had seen, or that if he did not see the car, he must have failed to look. The defendant seeks to invoke the rule which requires one to look and listen when about to cross a railroad track, and if necessary to stop before attempting to cross, and which holds one guilty of contributory negligence if he attempts to cross in front of an approaching train after he has seen it. That rule does not apply to one who is attempting to cross a street railroad. In *Railroad Co. v. Gallagher,* 68 Kan. 424, 75 Pac 469, this court said:

"A traveler may cross an electric street-railway track in front of an approaching car which he plainly sees and distinctly hears and not be negligent. If, in view of his distance from the car, the rate of speed of its approach, and all other circumstances of the event, a reasonably prudent man would accept the hazard and undertake to cross, a traveler may do so, and the propriety of his conduct is ordinarily a question for the jury." (syl. ¶ 2.)

(See, also, *Railway Co. v. Summers,* 75 Kan. 342, 89 Pac. 652; *Railway Co. v. Schriver,* 80 Kan. 540, 542, 103 Pac. 994; *Marple v. Railway Co.,* 85 Kan. 699, 118 Pac. 690; *Wiley v. Interurban Railway Co.,* 89 Kan. 84, 130 Pac. 659; Note, L. R. A. 1917C. 692; 36 Cyc. 1554.)

The question of Salisbury's contributory negligence was one for the jury and could not be determined on a demurrer to the evidence.

2. Another matter urged by the defendant is that the court committed error in refusing to give the following instruction:

"If you find from the evidence that the plaintiff looked to the west for an approaching car before going upon the track, and you further find that, at the time he so looked, the said car was there approaching and within view of him, then you are instructed that plaintiff is chargeable with knowledge of its approach, although plaintiff claims that he did not see said car approaching."

That instruction correctly stated the law. (*Railway Co. v. Agnew*, 65 Kan. 478, and Note in 15 L. R. A., n. s., 259.) It was error to refuse to give it, unless it was substantially given in other instructions. The court did instruct the jury as follows:

"You are further instructed that it was the duty of the plaintiff to take notice of the fact that street cars were liable to pass along the tracks of the defendant company at any time."

The latter instruction was good as far as it went, but it did not give the law concerning an approaching car which the plaintiff did not see. The former charged the plaintiff with knowledge of the approaching car, while the latter charged him with notice of the fact that a street car was liable to pass at any time. There is a material difference between the two when applied to street-car traffic within a city. Knowledge that a street car is approaching is quite different from notice that one may approach at any time. If the instruction requested had been given, it may be that the jury would not have found that the plaintiff exercised diligence before going upon the track.

For the error in refusing to give the instruction requested, the judgment is reversed and a new trial is directed.