[No. 15946.  Department One.  January 3, 1921.]

EDWARD G. KOCH, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*

S. NAKAMURA, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

STREET RAILWAYS (13, 28)—COLLISIONS WITH VEHICLES—NEGLIGENCE—EVIDENCE—SUFFICIENCY. The motorman on a street car is guilty of negligence in operating his car at excessive speed in a busy business district, and, with a clear vision ahead, striking, without warning, an automobile which of necessity was being driven on the tracks ahead at a point where part of the street was temporarily obstructed by building operations.

SAME—ACTION FOR INJURIES—DEFENSES. The fact that the driver of an automobile was under age and had no license, does not preclude recovery for damages to the car he was driving, when negligently struck by a street car, when he was in fact qualified and exercising due care.

Appeal from a judgment of the superior court for King county, Jurey, J., entered January 24, 1920, upon findings in favor of the plaintiffs, in an action for damages sustained through a collision between a street car and an automobile, tried to the court.  Affirmed.

*Walter F. Meier* and *Ewing D. Colvin,* for appellant.

*Revelle & Revelle* and *Lucas C. Kells,* for respondents.

[1]Reported in 194 Pac. 572.

PARKER, J.—While these were separate actions, and separate judgments were rendered therein, they were, by consent of all the parties, tried together in the superior court for King county, sitting without a jury. The plaintiffs, Koch and Nakamura, each sought recovery of damages, alleged to have been suffered at the same time, as a result of the negligent operation of one of the city's street cars. The trial resulted in findings and judgments awarding damages to each of the plaintiffs, from which the city has appealed in each case to this court. The appeals, by stipulation of all the parties, are presented to us together, upon a transcript of the pleadings and judgments in each case, and one statement of facts applicable to both cases.

The principal contention here, made in behalf of the city, is that the evidence does not warrant the rendering of judgments awarding recovery to either Koch or Nakamura, in that it fails to show any negligence on the part of the city's servant operating its street car; and, also, in that as to Koch, the evidence shows that he, or rather his servant, was guilty of such contributory negligence that it became the proximate cause of the damages.

The controlling facts, as we think the trial court was warranted, and did, view them, may be summarized as follows: The damages in question, consisting of the injuries to the automobiles belonging to Koch and Nakamura, occurred on the west side of the roadway of Fourteenth avenue northeast, about one hundred feet south of Forty-seventh street, in Seattle. Fourteenth avenue runs north and south, while Forty-seventh street crosses the avenue at right angles. The city maintains and operates on Fourteenth avenue a double track street railway, the south-bound cars running upon the west track and the north-bound cars running

upon the east track. The distance between the west rail of the west track and the curb of the sidewalk is thirteen feet. At the time in question, there was a temporary sidewalk about three feet wide, outside the curb, extending from the south line of Forty-seventh street southerly along and in the roadway on the west side of Fourteenth avenue for a distance of about sixty feet. This, because of the enclosing of that portion of the permanent sidewalk to accommodate the construction of a new building there in progress.

A short distance south from the south end of this temporary walk, there was standing near the west curb an automobile; and a short distance further south there was standing the automobile belonging to Nakamura, in front of his grocery store, which is about one hundred feet south of Forty-seventh street. These automobiles were both parked in the usual proper manner, parallel with and close to the curb, and are not shown to have been there in violation of any traffic rules or regulations. The body of the street car, such as the one here in question, overhangs the rails of the track on each side about twenty inches. It is thus apparent that, while the space between the temporary walk and the west track would enable an automobile to be driven therein, the space between the two automobiles standing at the curb to the south of the temporary walk, and a street car upon the west track, would not be sufficient to easily drive an automobile therein, without the probability of coming in contact with the automobiles, or such situated street car.

On the day in question, one Jones, a boy between sixteen and eighteen years of age, the employee of Koch, was driving the automobile belonging to Koch, delivering goods for him. Jones was evidently an experienced driver, though young. Just before the accident, Jones

was driving east on Forty-seventh street, approaching Fourteenth avenue. When near the street intersection, he slowed down, and probably came to a stop. Looking to the north to see if any street cars were approaching from that direction, he saw a street car coming south at about the middle of the block, which would be some two hundred and sixty feet north of Forty-seventh street. Just then he noticed a lady going from the west curb of Fourteenth avenue out to the street car track, as if to get upon the street car at the usual place for the stopping of the cars, just north of the street intersection. Feeling that he might then safely proceed, he drove into the street intersection, turned down the west side of Fourteenth avenue, proceeding south at a speed of ten or fifteen miles per hour. The east wheels of the automobile were probably upon or very close to the west rail of the track all the way south to the place the accident occurred. The evidence in any event warrants the conclusion that, when it was passing the first automobile standing at the curb, which was about eighty feet south of Forty-seventh street, its east wheels were either inside of the west rail, or so close to it as to be inside the overhang of the approaching street car. As he was about to so pass the first automobile standing at the curb, the automobile he was driving was suddenly and without any warning of which he was conscious, struck upon the left rear corner by the front right corner of the street car, throwing the automobile forward and to the west, past and clear of the first automobile, and against the automobile of Nakamura, which was standing at the curb in front of his store, seriously damaging both automobiles; for which recovery is here sought.

As the street car came from the north, it was evidently running at an excessive and unlawful rate of

speed, at least until very,near the time of the collision. One witness estimated the speed of the street car at forty miles per hour as it passed him, sitting in his automobile, just north of Forty-seventh street. Other witnesses estimated the speed of the street car as being somewhat less, but the evidence could well warrant the conclusion that the street car, when it crossed Forty-seventh street, was running at near thirty miles per hour. This seems to be rather a busy section. It is one of those common outlying small business sections of the city. The street car did not stop, or even slacken its speed at Forty-seventh street, as Jones anticipated that it would. The motorman of the street car had a clear view of the street ahead, and could hardly have failed to see that the automobile, being driven by Jones, had, at all times after entering Fourteenth avenue, its east wheels necessarily very near the west rail of the track; and that it would, as it was proceeding, necessarily have its east wheels upon or so near the west rail of the track when passing the other automobiles, as to be within the line of travel of the body of the street car. Had this case been tried before a jury we think there would be no room for arguing that the question of negligence of the motorman and of the contributory negligence of Jones, the employee of Koch, would have been questions of fact to be determined by the jury. While we will more readily disturb the findings of a trial judge than the findings of a jury upon questions of fact, we are nevertheless quite convinced that the evidence in this case does not preponderate in favor of the city; but even looking to the facts as presented to us in cold print, we would be inclined to arrive at the same conclusion the trial judge did; that is, that the motorman was guilty of negligence which became the proximate cause

of the damages, and that Jones, the servant of Koch, was not guilty of contributory negligence. Our decisions in *Baldie v. Tacoma R. & P. Co.*, 52 Wash. 75, 100 Pac. 162; *Nappli v. Seattle, Renton & S. R. Co.*, 61 Wash. 171, 112 Pac. 89, and *Richmond v. Tacoma R. & P. Co.*, 67 Wash. 444, 122 Pac. 351, express views in harmony with this conclusion.

There was introduced in behalf of the city an ordinance providing that, "No minor under eighteen years of age shall drive or operate a motor vehicle without first obtaining a permit therefor from the department of public utilities of the city of Seattle." The evidence is not very satisfactory as to whether or not Jones actually had a permit from the city in compliance with this ordinance at the time the accident occurred. I does appear, however, that he had applied for such permit, or rather Koch had made such application for him, before the accident happened; and that he received the permit, that is, the written evidence of it, a week or so thereafter. Whether or not it was actually issued by the city before the time of the accident is not very clear; but it does seem that the information acquired by the city as to Jones' qualifications to receive such permit was received by the city officers and that they decided to issue the permit before the time of the accident. However this may be, it seems quite apparent to us, as it must have to the trial court, that the fact of Jones being under eighteen years old, in view of his actual qualifications as an automobile driver, in no way contributed as a proximate cause of the damage; and that, therefore, such fact does not stand in the way of recovery by Koch. *Switzer v. Sherwood*, 80 Wash. 19, 141 Pac. 181, Ann. Cas. 1917A 216; *Johnnsson v. American Tug Boat Co.*, 85 Wash. 212, 147 Pac. 1147. It is equally apparent that such fact

does not stand in the way of recovery by Nakamura. The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, BRIDGES, and MACKINTOSH, JJ., concur.