[No. 16636.  Department Two.  March 8, 1922.]

N. G. WHITE, *Respondent,* v. FRANK KLINE *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (380, 384)—USE OF STREETS—ACCIDENT AT CROSSINGS—VIOLATION OF ORDINANCE—PROXIMATE CAUSE. Where the proximate cause of a collision between a taxicab and an auto truck was the negligence of the taxicab driver, the owner of the truck is entitled to recover for damages sustained, though the truck was driven by a son less than eighteen years of age for whom no permit had been obtained as required by city ordinance.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 24, 1920, upon findings in favor of the plaintiff, in an action for damages sustained in an automobile collision, tried to the court. Affirmed.

*Morris B. Sachs,* for appellants.

*Shorett, McLaren & Shorett,* for respondent.

MACKINTOSH, J.—This action for damages, arising out of an automobile collision, was tried to the court without a jury, and resulted in judgment in favor of the plaintiff.

[1] Reported in 204 Pac. 796.

The city ordinance of Seattle (No. 37,434, §§ 93, 167), where the collision occurred, makes it a misdemeanor for any person under the age of eighteen years to drive or operate a motor vehicle without first obtaining a permit. The collision in this case occurred between respondent's auto truck and appellants' taxicab. The respondent's son, who was less than eighteen years of age, was at the time driving the truck, without having obtained a permit. Frank Kline, one of the appellants, was the driver of the taxicab.

This appeal presents a question of fact and a question of law. It is the claim of appellants that, because the respondent, at the time of the accident, was operating his truck in violation of the ordinance, such negligence prevents his recovery. Of course, it is negligence *per se* to operate a vehicle without complying with the positive requirements of a statute or ordinance in regard to such operation, but that does not mean that the person guilty of negligence in that respect cannot recover against someone else whose negligence immediately occasioned the injury. Negligence arising from the violation of a statute has the same effect as any other negligence; if it is not the proximate cause of the injury it will avoid liability, the same as any other negligence. This court has sanctioned this rule heretofore in *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684; *Koch v. Seattle,* 113 Wash. 583, 194 Pac. 572; and *Greater Motors Corp. v. Metropolitan Taxi Co.,* 15 Wash. 451, 197 Pac. 327.

The rule is generally recognized that the violation of the law must be the proximate cause of the injury suffered in order to bar the injured party's right of recovery. If there is no causal relation between the violation of the law and the happening of the accident, the right of recovery remains. *Lang v. New York Central*

*R. Co.*, 255 U. S. 455; *Moran v. Dickinson*, 204 Mass. 559, 90 N. E. 1150, 48 L. R. A. (N. S.) 675; *Bourne v. Whitman*, 209 Mass. 155, 95 N. E. 404, 35 L. R. A. (N. S.) 71; *Conroy v. Mather*, 217 Mass. 91, 104 N. E. 487, 52 L. R. A. (N. S.) 801; *Lockridge v. Minneapolis & St. L. R. Co.*, 161 Iowa 74, 140 N. W. 834, Ann. Cas. 1916A 158; *Armstead v. Lounsberry*, 129 Minn. 34, 151 N. W. 542, L. R. A. 1915D 628; *Derr v. Chicago, M. & St. P. R. Co.*, 163 Wis. 234, 157 N. W. 753; *Gilman v. Central Vermont R. Co.*, 93 Vt. 340, 107 Atl. 122; *Shimoda v. Bundy*, 24 Cal. App. 675, 142 Pac. 109.

Upon the question of fact, the evidence is well-nigh conclusive that the appellants were guilty of negligence which caused the accident.

We see no reason for disturbing the judgment of the trial court, either on the law or the facts, and it is therefore affirmed.

PARKER, C. J., HOLCOMB, HOVEY, and MAIN, JJ., concur.