## DANNER v AVERY

Ohio Appeals, 6th Dist, Wood Co

No 440. Decided January 14, 1929

Messrs. L. D. Hill & E. M. Fries, Bowling Green, for Danner.

Mr. N. R. Harrington, Bowling Green, for Avery.

RICHARDS, J.

Many grounds of error are relied on for reversing the judgment, but we will not discuss all of those grounds in detail. The record discloses an abundance of conflict in testimony on material facts and the court cannot say that the verdict and judgment are not sustained by sufficient evidence.

The case was tried on a third amended petition, an amended answer thereto and a reply. The plaintiff's final amended petition charges negligence on the part of the defendant in driving the heavily loaded truck in violation of the speed law, failure to operate the brakes, disregarding the dangerous conditions existing at the intersection, failing to give any alarm or signal, operating the truck in violation of the statute and the ordinances of Bowling Green and failing to keep a lookout for other vehicles. The amended answer charges that Ruth Danner, who was operating the Ford car, was only 15 years of age and wholly incompetent to manage the car, and that an ordinance of the City of Bowling Green made it unlawful for a minor under 16 years of age to operate a car upon the public streets, and charges further that the collison was caused solely by placing the infant child in the custody of young and thoughtless girls.

The testimony is in conflict as to the speed of the car and the truck and the relative time at which they entered the intersection. It appears, however, beyond question, that the Ford car was struck by the truck on the rear right hand wheel and testimony was offered on behalf of the plaintiff tending to show that the Ford car arrived at the intersection first and drove into the intersection first.

The court, at the request of defendant, instructed the jury before argument that the driver of defendant's truck had the right of way as against the Ford car and had the right to assume that plaintiff's car was being driven by a driver of competent age and one qualified to drive an an automobile upon the public streets. We find two objections to this charge. In the first place, the testimony being in conflict as to which vehicle first arrived at the intersection, it was a question for the jury as which had the right of way. If the car and truck arrived at the intersection at or about the same time the truck would have had the right of way and the right to proceed, if ordinary care would permit it to do so, because it was approaching the intersection on the right of the driver of the Ford car. But the rule giving the right of way to the car approaching on the right cannot be announced without qualification when the evidence is in conflict, and only applies where the two arrive at the intersection at the same time, or substantially the same time. Since this case was tried in the court of common pleas, the Supreme Court in the case of **Heidle, et al. vs. Baldwin, 118 Ohio St., ——, 161 N. E.,** 44, has announced the rules applicable at intersections. It is apparent that if that decision had beeen rendered prior to this trial, some of the requests which were submitted would not have been asked or given. The decision in the case just cited makes it clear the trial court should have left to the jury the question as to which party had the right of way under the circumstances disclosed by the evidence.

This charge also is subject to the objection that it states the driver of the defendant's truck had the right to assume various things stated in the charge, without adding "unless he has or in the exercise of ordinary care should have had knowledge to the contrary", or words to that effect.

**Mostov vs. Unkefer, 24 Ohio App., 420.**

Defendant's request No. 3, like the one just discussed, is subject to the objection that it instructs the jury, without qualification, that Ruth Danner was charged with notice that the law gave those approaching from the south on Maple Street and on her right, the right of way.

Instruction No. 7, given to the jury at defendant's request, reads as follows:

"If you find that the plaintiff's driver saw, or in the exercise of ordinary care would have seen defendant's truck approaching or entering upon said intersection in time to have checked her car, and thereby avoid

collison, and she failed to do so, and you find that the defendant's driver did not blow his horn or give other signal of his approach, such failure under such circumstances would not constitute negligence on his part."

This charge is prejudicially erroneous for it in effect instructs the jury that if the driver of the plaintiff's car was negligent on the occasion and could have avoided the collision, and the driver of the truck did not blow his horn or give other signal, such failure would not constitute negligence on his part. It was for the jury to ascertain from the facts whether the defendant's driver failed to exercise ordinary care on the occasion, and if he did so fail, and such failure proximately caused the collision and injury to the child, then the defendant would be liable even if the driver of the Ford car violated the ordinance and was guilty of negligence which directly contributed to the injury.

Defendant's request No. 8 is subject to the criticism that it excuses the defendant from liability if the driver exercised ordinary care in his approach to the intersection, regardless of what his conduct may have been after he entered the intersection. A charge of that sort was condemned in **Railroad Co. vs. Kistler, 66 Ohio St., 326, 339.** Under this charge the defendant might escape liability no matter how negligent he may have been after entering the intersection, if he exercised care in approaching it.

Instruction No. 10 given at the request of the defendant is open to the objection that it puts too great a burden on the driver of the Ford automobile, in that it instructs the jury without qualification that it was her duty to check or stop her car. The jury should only have been told that it was her duty to exercise ordinary care in that respect.

The jury was correctly instructed that the negligence of Ruth Danner in operating the Ford automobile could not be imputed to the child, and that the fact that Ruth Danner was under 16 years of age and had no right to operate an automobile, would not prevent the plaintiff from recovering if the negligence of defendant's driver contributed directly to the plaintiff's injury.

The common pleas court allowed to remain in the amended answer to the third amended petition an averment that a minor about the same age as Ruth Danner was riding in the front seat holding in her lap the infant child Martin Danner and that said collision was caused solely by the placing of said infant child in the care and custody of young and thoughtless girls. We think the motion to strike that averment from the amended answer should have been granted. We are not able to see that the fact that Martin Danner was held on the lap of a young girl in the front seat could by any possibility have any causal connection with the collision. It could not be a proximate cause of the collision.

Certainly it was competent to prove all the circumstances under which the collision occurred, including the age of Ruth

Danner and her experience or the lack of it in operating a car. And we also hold that it was competent to prove the terms of the ordinance prohibiting the operation of a car by a person under 16 years of age. This proof was competent, not for the purpose of founding a claim that any such negligence could be imputed to the child, Martin Danner, but for the purpose of establishing negligence on the part of Ruth Danner, because such violation would be negligence per se.

> Schell vs. DuBois, Admr., 94 Ohio St., 93; Rush vs. McDonald, et al., 214, Ala., 47, syl. 5. Freebom vs. Holt, 100 Okla., 50.

The ordinance passed by the City of Bowling Green amounts to a legislative declaration that persons under 16 years of age are incompetent to operate any motor vehicle on the public highways of the city. The question would, however, remain, whether the violation of the ordinance was the sole proximate cause of the collision, and that would be a question of fact for the jury. Certainly the violation of the ordinance and the immaturity of Ruth Danner could have no effect unless a causal connection were shown to exist between the negligence and the collision; but if Ruth Danner were negligent and her negligence proximately and solely caused the collision resulting in injuries to the child, the defendant would not be liable.

> Huddy on Automobiles, Sec. 358, p. 370; 2 Blashfield's Cyclopedia of Automobile Law, 1217, 1238, 1247; 20 R. C. L., 43.

The following cases illustrate the application of the rule under varying circumstances:

> Switzer vs. Sherwood, et al., 80 Wash., 19; Koch vs. City of Seattle, 113 Wash., 583; Benesch, by guardian, vs. Pagel, 171 Wis., 620; DeLaney vs. Henderson-Gilmer Co., 192 N. C., 647; Arrelano vs. Jorgensen, 52 Cal. App., 662.

In view of the conflict in the evidence and the nature of the errors, we cannot say that substantial justice has been done by the judgment rendered in this case. For the reasons given the judgment will be reversed and the cause remanded for a new trial.

Willams and Lloyd, JJ, concur.