No. 31,658

JEWEL TEA COMPANY, *Appellant,* v. KANSAS CITY PUBLIC SERVICE COMPANY, *Appellee.*

(32 P. 2d 200.)

Opinion filed May 5, 1934.

*C. M. Gorrill,* of Kansas City, for the appellant.

*Fred Robertson, Edward W. Boddington, J. O. Emerson,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the Jewel Tea Company to recover damages from the Kansas City Public Service Company for injuries sustained by plaintiff, which resulted from a collision of its truck and one of defendant's street cars near the intersection of Forty-sixth street and Prospect avenue in Kansas City, Mo., and also for damages to Charles Cleveland, its employee, driving the truck, for which $1,000 additional was asked.

It was the contention of the defendant that plaintiff's driver was guilty of contributory negligence, as a matter of law, in the collision which occurred and which caused the injuries for which the action

was brought. Defendant operates cars on double tracks on Prospect avenue, which runs north and south and intersects Forty-fifth and Forty-sixth streets. On November 19, 1930, about noon of a clear day, and when the pavements were dry, one of the defendant's street cars, operated by George Lang, came along going south at Forty-fifth street, where there was a traffic patrol officer. The car was required to stop there, and that of the plaintiff as well. When they were allowed to proceed the plaintiff's truck got off first and passed around the street car going down the avenue on a slightly downward grade towards Forty-sixth street, at a speed of twenty-five to twenty-seven miles per hour. The truck was being driven on the railway tracks. The street car followed, the operator clanging the bell, and when the driver of the truck was about forty to fifty feet north of Forty-sixth street, he put out his hand, indicating he was about to turn to the left. He slowed down somewhat to make the turn and he looked at his rear-view mirror and saw the car about fifty feet behind his truck and started to make the turn. He did not know the speed the car was traveling, but he got three wheels of his truck off the track and the street car caught his fourth wheel or struck the right-hand rear corner of the truck, causing the injuries complained of. There was a street-car red-cross stop sign about forty feet north of Forty-sixth street, and a slow sign was hung across the wires about fifty feet north of Forty-sixth street. The stop sign was painted out after the accident. The bell on the street car was sounded as they came down from Forty-fifth to Forty-sixth street, but no attention apparently was given to the signals by the truck driver of a purpose to turn on Forty-sixth street, and there is testimony that the brakes were not applied to the street car until about the time the accident happened. The street car was not stopped after the accident until it had traveled a distance of about 200 feet beyond Forty-sixth street.

The important question on the appeal is, Was the plaintiff guilty of contributory negligence as a matter of law? The case was disposed of by the court on a demurrer to plaintiff's evidence, the court holding that the evidence was insufficient.

It is contended by the defendant that the driver of the truck, when he slowed up to make the turn when the car was so close behind him, must have known of the risk he was taking when he turned to the left, and that where the plaintiff's evidence revealed contributory negligence it is a bar to recovery as effectively as

though the evidence had been introduced by the defendant. The question for the determination of contributory negligence as a matter of law was stated by this court in *Lilley v. Wichita Railroad & Light Co.*, 127 Kan. 527, 274 Pac. 205, as follows:

"Where the facts relating to contributory negligence are in dispute, or are of such character that reasonable minds might reach different conclusions thereon, it is a question for the jury to determine. But where the facts disclosed by the evidence are not controverted and are such that reasonable minds could reach but one conclusion thereon, the question is one of law, to be decided by the court, and not one of fact, to be determined by the jury." (p. 529.)

Streets are designed for use by the general public, including the drivers of street cars and other vehicles, as well as pedestrians, and each is required to exercise due care to others entitled to the use of the streets. In *Railroad Co. v. Gallagher*, 68 Kan. 424, 75 Pac. 469, a case where a man was struck and killed by a street car, it was contended that he went upon the track and must have known of his peril, and therefore was guilty of contributory negligence, as a matter of law. There the court said:

"A traveler may cross an electric street-railway track in front of an approaching car which he plainly sees and distinctly hears and not be negligent." (Syl. ¶ 2.)

Plaintiff in that case was healthy, had good eyesight and good hearing, and there was an unobstructed view of the track for quite a distance from the crossing, and although it was not shown whether he looked or listened, it was said:

"In the light of such facts different minds might arrive at different conclusions as to what might, under all the circumstances, have been done without blame. The question, therefore, is not one of law but is one of fact," etc. (p. 431.)

In *Salisbury v. Street Railroad*, 103 Kan. 714, 175 Pac. 966, a person driving a loaded wagon went in front of an approaching car. He had a view of the track about 300 feet as he approached, he looked, but did not see a street car coming. He looked again as he attempted to cross, but the car was then upon him. Upon a demurrer to plaintiff's evidence it was held that contributory negligence raised in the case was one of fact for a jury, citing the Gallagher case, *supra*, and other authorities.

In *Wiley v. Interurban Railway Co.*, 89 Kan. 84, 130 Pac. 659, a street car collided with a team and wagon on a street, and a de-

murrer to plaintiff's evidence was on the ground that plaintiff was guilty of contributory negligence. In the case the court said:

"Where one driving by the side of a street-car track in a city attempts to cross to the other side at an intersecting street, and is struck by a car coming from the rear at the rate of thirty miles an hour, he is not to be deemed guilty of contributory negligence as a matter of law because he had driven 300 feet at a walk since he last looked along the track, at which time he could see but 1,400 feet, no car being then in sight." (Syl. ¶ 2.)

It was further said:

"Where one is driving by the side of the track the situation is very much the same as though he were driving upon it. It may be said that in the one case a motorman who approaches from the rear necessarily sees the vehicle upon the track, while in the other he may have no notice of the intention of the driver to turn upon it. The driver, while upon the track, is justified in assuming that the street car will not approach dangerously near him without giving a signal." (p. 86.)

Here the one operating the street car necessarily saw the truck in front of him. He was given a signal and, if it had been heeded, there was time to arrest its speed and have avoided the accident. There are crossings at each intersection, and the motorman of the street car must operate his car and keep a lookout not only for vehicles ahead of him, but also for crossing vehicles.

*McLaughlin v. Tacoma R. & P. Co.*, 127 Wash. 211, is a somewhat similar case. The court said:

"It is often necessary for one driving an automobile to temporarily drive in front of a street car going in the same direction. If respondent, when he entered upon the track of appellant, was thirty feet in advance of the street car and was going fifteen miles per hour, and the street car struck the automobile from the rear, the question of the negligence of appellant and the contributory negligence of respondent were for the jury." (p. 213.)

Within the rule of these authorities the point whether the plaintiff was guilty of contributory negligence was one upon which reasonable minds might reach different conclusions, and it is a matter for the jury to decide. The same conclusion necessarily means that the operator of the defendant's car was negligent. It follows that the judgment should be and is reversed, and the cause remanded for a new trial.

BURCH, J., dissenting.