A. J. AVERY, *as Administrator, etc.,* V. THE UNION
PACIFIC RAILROAD COMPANY.

No. 14,456.   (85 Pac. 600.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Demurrer to Evidence—Direction of
Verdict.* It is error for a trial court to sustain a demurrer to
evidence, or to direct a verdict, unless it can be said that
the adverse party has failed to introduce any substantial
evidence in support of a vital point in his case.

Error from Riley district court; SAM KIMBLE, judge.
Opinion filed May 12, 1906.   Reversed.

*Waters & Waters,* for plaintiff in error.

*N. H. Loomis, R. W. Blair,* and *H. A. Scandrett,* for
defendant in error.

The opinion of the court was delivered by

GREENE, J.:   George Avery was run over and killed
on a public crossing by one of the Union Pacific Rail-
road Company's trains.   A. J. Avery, as his admin-
istrator, sued to recover damages therefor.   The court
overruled a demurrer to the plaintiff's evidence.   The
defendant introduced its evidence, and then upon its
request the court directed the jury to find a verdict
for the defendant, upon which a judgment was ren-
dered.

The error assigned is that the court directed a ver-
dict for the defendant and rendered judgment thereon.
Numerous acts of negligence were charged in the pe-
tition, among which was the failure of the engineer of
the train which ran over Avery to sound the whistle
eighty rods from the crossing.   Plaintiff introduced
some evidence tending to show that the whistle
was not sounded at a point eighty rods from the
crossing, while the testimony on the part of the
defendant very strongly tended to show that it

was so sounded. Whether it was or not was a material fact, upon which the evidence, when all in, was conflicting. The rule controlling where a demurrer is interposed to evidence applies in directing a verdict. If there is any substantial testimony tending to sustain the material facts contended for by either party, as against such party the trial court should overrule a demurrer; and where all of the evidence has been submitted on both sides, and there is a conflict upon any material question of fact, the cause must be submitted to the jury.

As suggested, there was evidence introduced by the plaintiff tending to show that the railroad company did not sound the whistle at a point eighty rods from the crossing upon which Avery was killed, and presumably it was because of this that the court overruled the demurrer to the plaintiff's evidence. This evidence still remained in the case. Notwithstanding the defendant had offered testimony to the contrary, and notwithstanding that evidence might have been sufficient to satisfy a jury and did satisfy the court that the defendant's engineer had complied with the law in this respect, and notwithstanding the court felt that it would be compelled under the evidence, in case a verdict should be returned for the plaintiff, to set it aside and grant a new trial, it was nevertheless the duty of the court to submit the cause to the triers of the facts. It is only where it can be said that the plaintiff has wholly failed to introduce any substantial evidence in support of some material point in his case that a court is authorized either to sustain a demurrer to his evidence or direct a verdict for the defendant. The jury are the triers of the facts, and whenever the testimony has reached such a point that it must be weighed and conclusions deduced therefrom the jury alone must make the deductions in the first instance, and not the court. (*Sullivan v. Phenix Ins. Co.*, 34 Kan. 170, 8 Pac. 112; *K. P. Rly. Co. v. Couse*, 17 Kan. 571; *Brown*,

*Adm'r, v. A. T. & S. F. Rld. Co.*, 31 Kan. 1, 1 Pac. 605;
*Jansen v. City of Atchison,* 16 Kan. 358; *St. Jos. & D.
C. Rld. Co. v. Dryden,* 17 Kan. 278.)

The judgment is reversed, and the cause remanded.
All the Justices concurring.