THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. THE L. A. WATKINS MERCHANDISE COMPANY.

No. 15,230.    (92 Pac. 1102.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Question of Law or Fact.* Whenever the evidence has reached a point where it must be weighed and conclusions deduced therefrom the jury alone must make the deductions in the first instance, and not the court.

2. CARRIERS — *Injury to Freight — Negligence a Question of Fact.* In an action for loss of goods through the alleged negligence of a common carrier, where there is no direct evidence to show whether the loss was caused by the .negligence alleged, or by a defect in the tank furnished by the plaintiff consignee, or by causes specified in the bill of lading as relieving the carrier from liability, but the fact must be determined by inferences or deductions from facts proved, the court should not sustain a demurrer to the evidence nor direct a verdict.

3. PRACTICE, DISTRICT COURT — *Instructed Verdict — Special Findings.* Special findings accompanying a verdict rendered on the direction of the court are immaterial.

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed December 7, 1907. Reversed.

*John Madden, W. W. Brown,* and *L. B. Kellogg,* for plaintiff in error.

*Hamer & Harris,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: The defendant in error was the owner of a tank-car used in transporting tar. The Missouri, Kansas & Texas Railway Company received this car from the Missouri Pacific Railway Company at Council Grove, took it to Emporia, and placed it on the east transfer track of the connecting line by which its railway in that city is connected with that of the Atchison, Topeka & Santa Fe Railway Company. In accordance

with the course of business between these companies, cars for the Santa Fe company are switched to the east track and cars for the Missouri, Kansas & Texas company are switched to the west track of their connecting transfer line. This transfer line consists of these two tracks.

This tank-car was taken by the Santa Fe company from the east connecting track to the Emporia gas-works, situated about one-half of a mile south on its line, and there filled with coal-tar, and then switched by the Santa Fe company back to the west connecting track for the Missouri, Kansas & Texas company. For this service the last-named company paid the Santa Fe company $2, which was added to the freight bill and collected with its charges from the plaintiff by the Missouri, Kansas & Texas company. After the car was so filled and placed on the west connecting track a bill of lading was issued to the gas company, which it attached to a draft for the price and forwarded it for collection through a local bank. While standing thus upon the west connecting track, about six hours after it was left there, and before being moved by the Missouri, Kansas & Texas company, the tar leaked out and was lost. No leak was discovered, however, when the car was switched to this track. The loss became known to the Missouri, Kansas & Texas company almost immediately after it occurred.

The car was an old one, and the evidence tends to show that soon after it was left standing on the connecting track it was shoved along by the Santa Fe company in switching other cars, causing a "bumping" of the cars on such track. The bill of lading contained the following clause:

"It is understood, as a part of the conditions under which said packages are received, that neither this railway company nor other carrier shall be liable for leakage or fermenting of any kind of liquids, arising from expansion, bursting of packages, or other unavoidable causes."

The court directed a verdict for the plaintiff, upon which judgment was rendered.

The plaintiff alleged negligence in moving and handling the car, whereby it became injured, thereby causing the loss. Whether it was so injured, or whether the loss was caused by the defective condition of the car or tank furnished by the plaintiff, or by "expansion" or "bursting of packages" (in this case the tank), were questions of fact to be determined by the jury upon all the evidence, under proper instructions. There was no direct evidence that the car was injured in switching. Nor was there any direct evidence of expansion or other cause of leakage. The cause of the loss was a matter of inference or deduction from the facts proved, and such inference or deduction was for the jury.

"Whenever the testimony has reached such a point that it must be weighed and conclusions deduced therefrom the jury alone must make the deductions in the first instance, and not the court." (*Avery v. Railroad Co.*, 73 Kan. 563, 564, 85 Pac. 600.)

For the same reason the demurrer to the evidence was properly overruled.

There was no error in refusing to enter judgment on the findings. They were immaterial in view of the instruction to find for the plaintiff.

The judgment is reversed, and a new trial ordered.

JOHNSTON, C. J., BURCH, MASON, SMITH, PORTER, JJ., concurring.

GRAVES, J., not sitting.