JOHN SAINDON v. JOSEPH MORRELL *et al.*

No. 15,379.   ( 95 Pac. 1056.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Evidence Seeming to Justify a Larger Award.* Where in an action to recover damages for an assault and battery the amount of recovery has been determined by the verdict of a jury, and the verdict has been approved by the denial of a motion for a new trial, *held,* this court will not reverse the judgment for the reason only that the evidence may seem to justify the recovery of a larger sum.

Error from Graham district court; CHARLES W. SMITH, judge. Opinion filed May 9, 1908. Affirmed.

*F. D. Turck,* for plaintiff in error.

The opinion of the court was delivered by

SMITH, J.: Plaintiff in error brought this action to recover damages in the sum of $1885, alleged to have been sustained by an assault and battery. On the trial to a jury a verdict for the plaintiff was returned for the sum of $15. Plaintiff filed a motion for a new trial, which was denied, and judgment was rendered in ac-

cordance with the verdict. The only error assigned is the denying of the motion for a new trial.

It is urged that the jury could not have come to the conclusion that the plaintiff was damaged only in so small an amount except by disregarding the instructions of the court and the evidence of several undisputed witnesses. The instructions only limited the amount of recovery to the amount claimed in the petition. If, as a proposition of law, all the undisputed testimony of the witnesses was to be taken as true, we should not hesitate to say the plaintiff was entitled to a much larger verdict and judgment, approximating perhaps the full amount claimed. Such, however, is not the law. It was the province of the jury to determine in the first instance the credibility of the witnesses, and what their testimony proved, even though the witnesses were not contradicted. (*Harrod v. Latham*, 77 Kan. 466, 95 Pac. 11; *Jevons v. Railroad Co.*, 70 Kan. 491, 78 Pac. 817; *Railway Co. v. Geiser*, 68 Kan. 281, 75 Pac. 68; *Avery v. Railroad Co.*, 73 Kan. 563, 85 Pac. 600; *Railway Co. v. Watkins*, 76 Kan. 813, 92 Pac. 1102.) When a motion for a new trial upon the ground that the verdict is not supported by the evidence is presented, it becomes the duty of the trial judge to reconsider and weigh the evidence according to the verdict and give it such weight as he deems it entitled to.

In this case the amount of damages the plaintiff was entitled to recover was a question of fact for the jury to determine. The jury pronounced their conclusion thereon by their verdict, and the trial court approved the verdict and rendered judgment for the amount specified therein. The judgment will not be reversed because the evidence would seem to justify a larger amount of damages.

The judgment is affirmed.