No. 18,884.

TOBIAS BYLAND, *Appellant*, V. E. I. DUPONT DE NEMOURS POWDER COMPANY, *Appellee*.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Explosion of Powder Mill—Former Decision Adhered to.* In an action for damages caused by an explosion of defendant's powder mill the former decision affirming the judgment which sustained a demurrer to the plaintiff's evidence is adhered to.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion denying a rehearing filed January 9, 1915. (For original opinion of affirmance see *ante*, p. 288, 144 Pac. 251.)

*Charles Stephens, C. A. McNeill,* and *E. V. McNeill,* all of Columbus, for the appellant.

*A. H. Skidmore,* and *S. L. Walker,* both of Columbus, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In a petition for rehearing complaint is made that the second paragraph of the syllabus (*Byland v. Powder Co.*, ante, p. 288, 144 Pac. 251) is misleading, because it leaves the inference that appellant after alleging the specific acts of negligence relied upon, had contented himself by merely proving that an explosion occurred, and had attempted to invoke the doctrine of *res ipsa loquitur*. The paragraph in question was, of course, intended to be read in connection with the preceding paragraph, wherein it was ruled that the trial court correctly sustained the demurrer to the evidence for the reason that there was no substantial proof, direct or circumstantial, fairly tending to prove the cause of the explosion. It was and is the understanding of the court that in appellant's brief it was

claimed first, that there was sufficient proof of the specific acts of negligence alleged to make a *prima facie* case, and that the cause should have gone to the jury. Upon this feature of the case appellant's former contention is reargued at much length, but nothing new is called to our attention which leads to a different conclusion from that reached at the hearing. The second claim urged in the briefs was substantially this: Having offered proof of numerous dangerous conditions at the mill permitted by appellee to exist, the doctrine of *res ipsa loquitur* "then applies"; and cases were cited to the effect that the mere fact of an .explosion of a powder mill is *prima facie* evidence of negligence. Two reasons were stated in the opinion which prevent the appellant from invoking the doctrine. First, having alleged the specific acts of negligence relied upon he must recover, if at all, upon proof of those or of some of them sufficient to sustain a verdict. Second, the mere occurrence of the explosion is not, under the decisions cited in the opinion, sufficient to support a presumption of negligence in favor of an injured employee.

The syllabus, therefore, merely followed the opinion in stating that, having failed to produce evidence that the explosion was caused by the specific negligence alleged, the doctrine of *res ipsa loquitur* could not be relied upon.

There is a complaint, too, that the opinion does some injustice to appellant's claim respecting the factory act. From a careful reexamination of the briefs it appears that appellant's third contention was substantially as stated in the opinion, that, without conceding any failure of proof of the cause of action at the common law, he relied also upon the factory act. We held that none of the provisions of the factory act apply, and having already disposed of the other contentions of appellant, the opinion proceeded upon the theory that the judgment must be affirmed.

It is true the opinion states that "no evidence was

offered to show that they or any other person had made any change in the screens on the day before the accident." (p. 291.)   It was not intended by this statement to intimate that if evidence had been offered to show that the foreman or repair man or some other employee had made a change in the screens shortly before the accident, there would have been a failure of proof because the change was not shown to have been made at the particular date mentioned in the petition.

Decisions were cited in the opinion wherein the facts upon which they turned were different from those involved in the present action.   They were referred to as illustrating some principle of law which the court believed was involved in a discussion of the contentions raised by appellant.

That appellant was not willing, as stated in the opinion, to rest his case alone upon the sufficiency of proof of circumstances showing that the explosion resulted by friction of a butterfly thumb-nut hanging in the rolls, but further contended that the case should have been submitted to the jury to permit them to find what probably caused it, appears from his original brief.

"The evidence also shows that defendant was negligent in not requiring the press men to change their shoes just as they entered the door of this mill instead of at the wash house where they must then walk over the dangerous grit on the paths and tramways before going into the mill. . . .   The defendant was very careless in permitting the horse to walk from the cinder, sulphur rock and clay ballast, into the powder on the floor. . . .   From the circumstances of the men walking over the cinder covered path and tramway into the raw mixed explosive material in the press mill and the horses walking on the clay, sand, cinders, sulphur rock, etc., at the side of the track on the tramway and from there into this explosive material in the mill we think the evidence shows, in addition to the heat caused by the friction of a butterfly thumb-nut hanging in the rolls at the time of the explosion,

that a piece of this grit from the paths and tramways *probably* came in contact with the pinched thumb-nut, and produced a spark or additional friction which ignited the surrounding powder and caused the explosion." (Italics ours.)

In the former opinion it was held that the cause could have been submitted to the jury only for the purpose of permitting them to speculate and conjecture what caused the explosion. We adhere to this conclusion, and the petition for rehearing will be denied.