Smith *et al.* v. Gregg.

No. 25,615.

NELSON SMITH and ED M. ROACH, *Appellees,* v. CARL J. GREGG et al.,
*Appellants.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE — *Controverted Questions of Fact* — *Ordinarily for the jury.* The determination of a controverted question of fact involving the credibility of witnesses and the truth of their testimony is ordinarily one for the jury alone.

2. SAME—*Evidence Tending to Show that Note Originated in Fraud—Burden Shifts to Holder to Prove that He is Holder in Due Course and Without Notice of the Fraud.* Where an action is brought upon a promissory note and the maker alleges and offers evidence tending to show that it originated in fraud, the burden shifts to the holder to prove that he became the holder in due course and without notice or knowledge of its defects or infirmities, and having produced testimony on the controverted question of good faith and absence of knowledge of infirmities, but there is in his testimony that which tends to discredit the claim of good faith and the truth of his statements, the court is not warranted in directing a verdict in favor of the holder, although there may be no evidence in direct contradiction of that given by him.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed January 10, 1925. Reversed.

*Z. C. Millikin, C. W. Burch, B. I. Litowich,* and *La Rue Royce,* all of Salina, for the appellant.

*C. M. Williams, C. E. Branine, H. R. Branine,* and *D. C. Martindell,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action upon a promissory note for $5,000 given by Carl J. Gregg to himself, and which was transferred through the Saline County Lumber Company and the R. N. Powell Lumber Company to Nelson Smith and Ed M. Roach. In their action to recover on the note, and after the evidence for plaintiffs had been introduced, the court instructed the jury to return a verdict for the plaintiffs, which was done. The defendant appeals.

It appears that the Powell Lumber Company, of Hutchinson, owned two lumber yards, one at Brookville ˌand one at Glendale in Saline county. It organized the Saline County Lumber Company to take over the yards and dispose of the stock of the new company. The defendant, Gregg, was induced to purchase a block of the stock

and to give his notes up to the amount of $84,000, a portion of which was paid. It was alleged and there was proof tending to show that false representations were made and that the note in suit had been obtained from him by fraud and had been fraudulently negotiated. The defendants, without contesting the fraud in the inception of the note, testified on their own behalf that they had no notice or knowledge of the transactions wherein the note was executed, no notice of any defect or infirmities in it, and that they were holders in due course. The place of business of the Powell Lumber Company was Hutchinson, and the plaintiffs lived in that city. The appellant lived in Brookville in Saline county. No testimony other than their own was offered by plaintiffs, and at the conclusion of their testimony the court on its own motion directed a verdict for plaintiffs. This is the ruling presented for review. If there was anything in the evidence for a jury to consider, any question of the credibility of the witnesses or the truth of their statements, or anything which tended to show a lack of good faith in the transaction by which they acquired the note, the case, of course, should have been submitted to the jury. Defendant's evidence was sufficient to make a *prima facie* case that there was fraud in the inception of the note, and when this was shown the burden shifted to the plaintiffs to prove that they were holders in due course. (*Ireland v. Shore,* 91 Kan. 326, 137 Pac. 926; *Security Co. v. Low,* 112 Kan. 153, 210 Pac. 190.)

Plaintiffs contend that no witnesses other than themselves testified as to notice or knowledge of infirmity or relating to defects of title, and they insist that having made a full disclosure of all the facts relating to their purchase of the note, and there being no circumstances in the evidence from which an inference of notice or knowledge of the fraud might be drawn or anything tending to show the note was taken in bad faith, there was nothing to submit to the jury. Can it be said that the burden cast upon the plaintiffs to show innocence and good faith in the transaction was fully met by them? They positively denied knowledge of the fraud and of infirmity in the note, but circumstances are sometimes stronger than dogmatic denial. The proof offered by them was not conclusive in character, but was oral, and defendant contends that their testimony was biased, unreasonable and conflicting and betrayed suspicious circumstances inconsistent with the theory of good faith. The credibility of a witness is ordinarily a question for the jury, and the trier of the facts is not required to accept the statements of a wit-

ness, although there is no direct contradiction of the testimony given. In *Jevons v. Railway Co.,* 70 Kan. 491, it was said:

"Oral evidence in support of an affirmative defense, even if not contradicted, will not authorize a trial court peremptorily to direct the verdict for defendant."

In *Cobe v. Coughlin,* 83 Kan. 522, 112 Pac. 115, where the question of directing a verdict was under consideration, it was said:

"A court or jury is not required to accept a statement of a witness as conclusive, although there may be no direct evidence contradicting his statements, and hence the court could not direct a verdict." (p. 525.)

See, also, *Harrod v. Latham,* 77 Kan. 466, 95 Pac. 11; *Saindon v. Morrell,* 78 Kan. 53, 95 Pac. 1056; *Fisk v. Neptune,* 96 Kan. 16, 149 Pac. 692; *Wyrick v. Street Railway Co.,* 100 Kan. 122, 163 Pac. 1059; *The State, ex rel., v. Woods,* 102 Kan. 499, 170 Pac. 986; *Collins v. Hayden,* 104 Kan. 351, 179 Pac. 308; *Beachy v. Jones,* 108 Kan. 236, 195 Pac. 184. The court may direct a verdict where a party upon whom the burden rests fails to show something essential to his action or defense, or where the facts upon which the result depends are not in dispute, but where there is a controversy as to facts and there is a question as to the credibility of a witness and the truth of the testimony or the weight to be given to it, the case should be submitted to the jury.

The defendant calls attention to the following facts and circumstances as tending to discredit the claimed good faith of plaintiffs and an absence of knowledge on their part as to infirmities. In his testimony Roach, who appears to have been the active partner in conducting the negotiations, stated that plaintiffs paid $5,000 for the note, but on cross-examination testified that they did not give either cash or check for defendant's note, but exchanged a note of R. N. Powell, on which there was still due about $5,000 and which was secured by 140 shares of stock in the Powell Lumber Company, each share being of the par value of $100. He stated that his firm was in need of money, but it appears that he traded a note which was due and secured, being stock of the face value of $14,000 in a company which he thought was solvent, for an unsecured note not due for five months, executed by one he had not seen and did not know and of whom plaintiffs made no inquiry either as to the transaction in which it was given or his financial responsibility, although he resided only about fifty miles away and with whom communication was easy. Aelmore, one of the holders of the note and who had

been active in procuring it to be executed, lived in Hutchinson, where plaintiffs resided, was known to them, and yet they made no inquiry of him as to defendant or as to the transaction in which the note was given. Neither did they make any inquiry about the financial standing of defendant of anyone in Saline county or in Brookville, where the defendant lived, as to the solvency of defendant or his disposition to meet his obligations. They did testify that they made inquiry of a man in Ellsworth county, who gave defendant a good recommendation. Although the amount of the note purchased was large, made by a stranger to plaintiffs, and although they had been dealing in the stock of the Powell Lumber Company, they did not take the precaution to inquire how that company happened to acquire the defendant's note nor as to the consideration given for it. It may be said that shortly after the purchase of the note the insolvency of the Powell Lumber Company became known and its property passed into the hands of a receiver. Some of the facts and circumstances are quite unusual, and those related are such as may properly be considered in determining whether plaintiffs' statements were true and whether they were purchasers in good faith.

Under the circumstances we think the court could not say to the jury, the plaintiffs are credible witnesses and their testimony must be accepted as true, that there is no evidence directly contradicting the testimony given by them, and the fact that they refrained from making inquiry as to the maker of the note, as to the consideration for which it was given, and the other circumstances in exchanging a secured note for one of equal amount that was unsecured, collection of which could not in any event be enforced for considerable time in the future, are not entitled to consideration, and therefore I direct you to return a verdict in favor of the plaintiffs.

We are of opinion that the case was clearly one for the determination of the jury, and therefore the judgment will be reversed and the cause remanded for a new trial.

HOPKINS, J., not sitting.