No. 29,889.

J. F. WINDUS, *Appellant*, v. W. H. BODECKER, *Appellee.*

(297 Pac. 702.)

Opinion filed April 11, 1931.

*Jay T. Botts,* of Coldwater, for the appellant.

*P. D. Gardiner,* of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: As presented here this is an action for an accounting between partners. On a demurrer to the evidence the trial court rendered judgment for defendant. Plaintiff has appealed.

The defendant, who resides at Wichita, owned farm and ranch land in Comanche county which he leased to plaintiff. Apart from the covenants of the lease the parties had a parol agreement of partnership for the feeding of cattle and hogs. There has been litigation between the parties over the provisions of the lease, but no appeal involving that controversy has been taken by either party and that may be ignored. The appeal in this case presents only the controversy between the parties with respect to the partnership. Plaintiff alleged that the partnership began in the fall of 1923 and ended in the spring of 1926, when it was dissolved by reason of the business being completed. The terms of the partnership were alleged, and it was further alleged that the affairs of the firm had not been settled, and that a balance is due plaintiff on an accounting. Defendant admitted the partnership, but alleged that the business of the partnership had been fully settled, that a full and complete accounting was had between the parties which was acceptable to plaintiff and agreed to by him, and that there remained nothing due the plaintiff by reason of the partnership.

The trial court held the burden of proof to be on defendant on the question of settlement, and he introduced his evidence on that point. Plaintiff demurred to the evidence, which was overruled. Plaintiff then introduced his evidence relating to the settlement. The defendant demurred to plaintiff's evidence, that demurrer was sustained, and judgment was rendered for defendant.

Appellant contends that the evidence bearing on the question of settlement was conflicting, that in ruling on the demurrer the court had no authority to weigh the evidence, and that the evidence on behalf of plaintiff clearly showed the settlement relied upon by defendant was not in full and complete settlement of the partnership business. This contention must be sustained. It is the rule that in passing upon a demurrer to plaintiff's evidence the court must consider as true all portions of the evidence which tend to prove the allegations of plaintiff's petition (*Farnsworth v. Clarke,* 62 Kan. 264, 62 Pac. 655), and plaintiff must be given the benefit of all inferences favorable to him which may reasonably be deduced from such testimony. (*Mayse v. Grieves,* 124 Kan. 754, 262 Pac. 541; *James v. Grigsby,* 114 Kan. 627, 220 Pac. 267; *Rowan v. Rosenthal,* 113 Kan. 604, 215 Pac. 1008; *Russell v. Considine,* 101 Kan. 631, 168 Pac. 1095.)

The evidence tended to show that on April 22, 1926, the parties met at Wichita. Defendant is a man advanced in years and quite hard of hearing. His son, or son-in-law, or both, were there to assist him in computing the partnership business. Plaintiff was there and had a man to assist him in making computations. The parties discussed a number of items which were taken into account in determining the amount then due plaintiff from defendant, and defendant gave to plaintiff a check for $313.51, which plaintiff accepted. Defendant's evidence tended to show this was a full and complete settlement of the partnership business, while plaintiff's evidence is that there were claims between the parties which were not taken into account at that time, and partnership property not yet disposed of, and some collections to make, and that he stated at the time they would have to have a later settlement. Hence, if plaintiff's evidence is given the credence which the court was bound to give it in ruling on a demurrer to the evidence, and at a stage in the proceedings when the court had no authority to weigh conflicting evidence, it is clear that a complete settlement

was not made. Had the court tried the case out fully to the place where it could have weighed the conflicting evidence, and had found on the conflicting evidence that there was a complete settlement of the partnership business on April 22, 1926, there would have been evidence to sustain that finding. But such is not the situation here.

Appellee argues that since this is a suit in accounting, triable to the court, and was tried to the court, it is not material whether the court ruled on the demurrer to plaintiff's evidence, or after the close of all the evidence. This point is not well taken. It has been repeatedly held, whether the case be tried to the court alone, or tried to a court and jury, the rule that the court cannot weigh evidence on a demurrer to evidence is the same. (*Carlisle v. Baker,* 123 Kan. 415, 256 Pac. 141; *First Nat'l Bank v. Lovett,* 123 Kan. 405, 256 Pac. 147.)

The result is there must be a new trial. At such new trial the court should not take into account items of the partnership business which were considered and taken into account in arriving at the amount of the check given plaintiff on April 22, 1926, but only such items, if any, as were not taken into account at that time, and any assets of the partnership then undisposed of.

· The judgment of the court below is reversed with directions to grant a new trial.

Sloan, J., not participating.