No. 30,556.

The Prather-Wolfe Mercantile Company, *Appellant*, v. (Frank Carnes) John Carnes, *Appellee*.

(11 P. 2d 1018.)

Opinion filed June 4, 1932.

*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellant.
*J. S. Parker,* of Hill City, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by the indorsee of a check to recover from the maker. The verdict was for plaintiff, and a motion for new trial was filed. The term of office of the district judge who presided at the trial expired, and the hearing on the motion was before his successor. The motion was sustained, and plaintiff appeals.

The check purported to be the check of John Carnes to Frank Carnes. Frank Carnes indorsed and delivered the check to plaintiff, but John Carnes stopped payment before the check could be presented. The maker's name was signed by his wife, and the issue in the case was whether she had authority to sign her husband's name to the check. The motion for new trial was based on all statutory grounds.

We get the reasons for the granting of a new trial in letters from the district judge who made the order, written to the attorneys of the respective parties while the judge had the motion under advisement. The letters were *not* a part of the proceedings in the case,

and may not be considered. (*Wenzel v. Milling Co.*, 113 Kan. 338, and cases cited, 340, 214 Pac. 406.) This rule applies to correspondence between judge and attorney occurring before judgment as well as after judgment, because between date of epistolatory effusion and date of judgment the judge may change his mind.

The evidence produced at the trial was not before the court when the motion for new trial was heard. For the purpose of introducing the subject of the court's function respecting the motion, it may be observed that the judge's letters show he passed on the merits of the motion, and did so from the following standpoint:

"Unless the evidence in the case was such as to make the foregoing law largely inapplicable, I think the motion for a new trial ought to be sustained; . . ."

The statute reads as follows:

"A motion for a new trial shall not be sustained and a new trial shall not be granted by the judge of any district court of the state of Kansas, for the reason that a different judge is hearing the motion for a new trial from the judge that tried the case: *Provided*, That the evidence has been taken in such trial and is available for the judge hearing the motion for a new trial and such judge has the facts before him in passing on such motion." (R. S. 60-3002.)

The statute was enacted in view of the situation presented in the case of *Bass v. Swingley*, 42 Kan. 729, 22 Pac. 714. In that case a trial by jury occurred before a judge of the district court who was succeeded by another. A motion for new trial came on to be heard before the trial judge's successor. One of the grounds for the motion was that the verdict was not sustained by sufficient evidence. A new trial was denied, and this court held a new trial should have been granted. The syllabus reads:

"*Held*, that as a party filing a motion for a new trial has a right to have the same heard before a judge who can hear and determine the same intelligently, and as the new judge in this case could not know what the evidence was which was introduced upon the trial, and therefore could not act upon the motion intelligently, and could not overrule the same without depriving the party filing the same of a statutory right, such new judge should have granted a new trial."

In the opinion it was said the court could not consider the motion with respect to any ground involving review of the evidence, and the court could consider the motion only for the purpose of granting a new trial.

The present statute relating to new trials, enacted long after the decision in *Bass v. Swingley*, provides:

"A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part, . . ." (R. S. 60-3004.)

This statute forbids the granting of a new trial unless there is an affirmative showing that the ground relied on affected the result. (*Leavens v. Hoover*, 93 Kan. 661, 665, 143 Pac. 877.) Therefore, but for R. S. 60-3002, the decision in *Bass v. Swingley* would apply generally, and not merely to motions based on the ground the verdict was not sustained by the evidence.

The court regards R. S. 60-3002 as meaning that if the evidence has been taken and is available, the succeeding judge shall pass on the motion for new trial as if he had presided at the trial. If the evidence has not been taken, or if the evidence has been taken but is not available to the judge, so that he is not able to determine whether, on the whole case, the motion should be allowed or denied, a new trial should be granted. In the latter event the motion is to be considered no further than as an application for a new trial. The new trial is not granted on account of merit of the stated grounds. It is granted because the court is not in position to determine merit or demerit, and is not in position to exercise the judicial discretion permissible when ruling on a motion for new trial.

In this instance the evidence was taken by a court reporter appointed by the trial judge. That reporter was succeeded by a reporter appointed by the district judge who heard the motion for a new trial, and defendant contends the evidence was not available.

The law provides that the reporter, under direction of the court, shall take the proceedings stenographically, and shall file his notes and all exhibits introduced in evidence with the clerk of the district court. (R. S. 20-903.) There is a presumption that the reporter who took the testimony did his official duty, and filed his stenographic notes with the clerk of the district court. This presumption prevails in the absence of proof to the contrary. There was no such proof, and so far as the record discloses, the evidence was available.

In the counter abstract counsel for defendant state what occurred:

"The judge also called the attention of counsel to the fact that there was a new court stenographer, and that the evidence taken in the trial of the case was not available to him, and that he would not have the facts of the case before him in passing on the motion. The court suggested to counsel for appellant [plaintiff] that the evidence taken on the trial should be available, and that it might be proper for appellant to procure that testimony so that it would

be available, and announced that if desired the hearing on the motion would be postponed for that purpose. . . . Counsel for appellant took the position that it was not necessary for appellant to see to it that the evidence was available, counsel for appellee took the position that he was not required to produce the testimony, and the same was not produced."

The verdict was for plaintiff. It did not devolve on plaintiff to help sustain defendant's motion for a new trial. In order to establish ground for a new trial it was necessary for defendant to show that the matters complained of affected the verdict, and he was obliged to place the court in position to determine the matter, if that could be done. The fact that there was a new court reporter did not make the evidence unavailable, and no sufficient reason for nonproduction of the evidence is disclosed.

Delay in disposing of cases in court may result in deprivation of the fruits of the litigation. New trials are expensive. They are granted in furtherance of justice only. The court should be vigilant in preventing injustice, as well as in promoting justice. In this instance there is nothing to indicate that the trial reporter was not subject to call of the court or of counsel for defendant, to aid in putting the court in possession of the evidence in the case, and without clear proof establishing that the evidence could not in fact be made available the court was without authority to grant a new trial.

The judgment of the district court is reversed, and the cause is remanded with direction to set aside the order granting a new trial.