No. 30,847.

W. R. QUAIL, *Appellant*, v. THE KANSAS POWER AND LIGHT COMPANY, *Appellee.*

(21 P. 2d 332.)

Opinion filed May 6, 1933.

*T. M. Lillard, Bruce Hurd* and *O. B. Eidson,* all of Topeka, for the appellant.

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery, M. F. Cosgrove* and *Balfour S. Jeffrey,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages to an automobile alleged to have been caused by the negligence of defendant. The trial court sustained a demurrer to plaintiff's evidence, and he has appealed.

The evidence, briefly stated, is as follows: That on the evening of December 13, 1930, plaintiff, with his wife, was driving his car west on Tenth avenue in Topeka; that he had crossed Topeka boulevard; that in the first block west of Topeka boulevard on Tenth avenue there are grocery and drug stores facing south; that he observed lots of traffic—"it was jammed;" cars were parked headed toward the curb, other cars parked behind them headed west; that he drove at a speed of about ten miles per hour straight west as near to the right side of the street as he could with safety; that the lights on his car, including the tail light, were burning; that without any warning that he or his wife heard, defendant's street car came from behind and struck the left side of his automobile, tearing off the left rear fender, running board, spare tire

and front fender, straight down the side; that he stopped his automobile as soon as he could, and defendant's motorman stopped the street car; that when they stopped the rear end of the street car was about twenty feet ahead of the automobile. The weather was not cold. The street was not slippery from rain or snow. The car was damaged about $200.

. Plaintiff's petition, after alleging the facts, charged employee of defendant with negligence, (1) in driving the street car at an excessive speed in view of the conditions existing, (2) in not giving warning signals of its approach, (3) in failing to keep a proper lookout, (4) in failing to stop the street car in time to avoid the collision, and further alleged that defendant's employee had the last clear chance to avoid the collision.

While it is well settled that negligence is never presumed and must be established by proof (*Mayes v. Kansas City Power & Light Co.,* 121 Kan. 648, 249 Pac. 599), it also is well settled that in passing on a demurrer to the evidence the trial court must consider as true all portions of the evidence which tend to prove the allegations of plaintiff's petition, and plaintiff must be given the benefit of all inferences favorable to him which reasonably may be deduced from the testimony. (*Windus v. Bodecker,* 132 Kan. 857, 297 Pac. 702, and cases there cited.) Naturally the evidence, to be good as against a demurrer, must tend to show some act of negligence charged in the petition. (*Byland v. Powder Co.,* 93 Kan. 288, 144 Pac. 282; *Keck v. Jones,* 97 Kan. 470, 155 Pac. 950.) Viewing the evidence in harmony with these legal principles, we conclude the evidence tended to sustain the view: (1) That considering traffic conditions at the time and place, the street car was moving at an excessive speed (*Railway Co. v. Summers,* 75 Kan. 342, 89 Pac. 652; *Railway Co. v. Carlson,* 58 Kan. 62, 48 Pac. 635); (2) that no warning of the approach of the street car was given (*Avery v. Railroad Co.,* 73 Kan. 563, 85 Pac. 600); (3) that the jury might reasonably infer defendant's motorman was not keeping a proper lookout for automobiles on or near the track, and (4) that defendant's motorman failed to stop the street car in time to avoid the collision. The case should have been submitted to the jury.

The judgment of the court below is reversed, with directions to grant a new trial.