JOSEPH SPAHN ET UX., PLAINTIFFS-APPELLANTS, v. REBECCA MANDELL, DEFENDANT-RESPONDENT.

Submitted May 12, 1933—Decided July 20, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *William Boorstein*.

For the respondent, no appearance.

The opinion of the court was delivered by

PARKER, J.  This is a suit for personal injury sustained by the female plaintiff and consequential damage to her husband, because of a fall down the stairs leading from the ground floor of the plaintiffs' apartment rented by the husband from the defendant, who was owner of the building, a two-family house.  The state of the case sets forth that the stairway was used in common by plaintiffs and their family and defendant and her family.  The evidence indicated that Mrs. Spahn

caught her left foot in a hole in that part of the stair carpet which covered the top landing. The case was tried before the court without jury, and at the conclusion of plaintiffs' case the judge on motion of defendant's attorney, entered a nonsuit, to which exception was taken. The ground urged, and apparently adopted by the court, was that plaintiffs had not proved that defendant had notice of the defective condition of the carpet.

If there was evidence to charge the landlord with notice, it was error to nonsuit, because even on a trial without jury, the judge may not weigh the evidence on such a motion, even though he might find against the plaintiff on a final submission of the case. *Weston Co.* v. *Benecke*, 82 *N. J. L.* 445.

In this class of cases it sometimes appears that the landlord had actual notice of the defect—which is not the situation here—and sometimes, that the landlord is charged with notice because of the existence of the defect for such a length of time that by the exercise of reasonable care it would have been discovered and rectified.

That reasonable care connotes the duty of reasonable inspection is well settled. *Timlan* v. *Dilworth*, 76 *N. J. L.* 568, 571; *Buda* v. *Dzuretzko*, 87 *Id.* 34; *Bolitho* v. *Mintz*, 106 *Id.* 449; *Hahner* v. *Bender*, 101 *Id.* 102. Usually the question whether reasonable inspection was made is for the jury; sometimes, as in *Timlan* v. *Dilworth, supra,* the question of "reasonable time" is for the court. In the present case there was clearly a jury question on this phase. The evidence indicated that a hole had been worn through the stair carpet at the landing; that the carpet was worn through to the floor. A jury might well say that this condition was the effect of cumulative use and wear over an extended period. If so, the conditions spoke of either lack of inspection or unreasonable delay in repair, or both.

Contributory negligence does not seem to be suggested. Indeed, we have no brief for the defendant below, and the case was not argued orally.

The judgment is reversed to the end that a new trial be had.