## MERRIAM v. SUGRUE.
### No. 242.

Municipal Court of Appeals for the District of Columbia.

Feb. 6, 1945.

Jack Politz, of Washington, D. C., for appellant.

Thomas X. Dunn, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Defendant, a liquor dealer, was sued in detinue for a case of whiskey or its value. Plaintiff claimed that on the representation of one Davidson, defendant's manager, that liquor was becoming scarce she agreed to buy a case, paying for it in installments and leaving it at defendant's store for delivery when her husband returned from military duty. Davidson, called as a witness for plaintiff, testified that he was a brother-in-law of defendant and had been (but was no longer) manager of the store; that he sold plaintiff the case of whiskey for future delivery, received payment from her in cash and placed the money in defendant's cash register; and that in this transaction, as in all others in the store, no sales slip was used or issued. He further testified that he placed the case of whiskey in back of the store and sold bottles from it at various times, expecting to replace them from later shipments. There was in evidence the receipt he issued to plaintiff covering the transaction and reciting that the liquor was "to be held." The receipt was for $48 which he said he received at the time of the sale, and covered one case of Old Charter Whiskey. Witness said he did not know plaintiff socially and had never visited her home.

Plaintiff testified that she had not paid for the whiskey in one sum but in install-

ments of $15 and $20, but could not remember when the payments were made. She first said she had bought a case of Haig & Haig but later said she could not remember the type of whiskey; nor could she explain the difference between the sum sued for, $52.20, and the lesser amount shown on her receipt. She testified that she knew Davidson well, saw him frequently, and that he had called at her home "on occasions."

The record recites that the trial judge thereupon sua sponte (no motion having been made by defendant) ordered a finding for defendant. The record does not reveal that plaintiff had rested her case or whether opportunity for argument was afforded her counsel. In a memorandum denying a motion for new trial the trial judge stated that he had "found these witnesses wholly unworthy of belief, and the transaction, suspicious on its face from the outset, to be susceptible to the charge of fraud if not fraudulent in fact," and that he felt "neither witness was capable of support."

 We must hold the ruling erroneous. It was precipitate because it attempted to weigh the evidence before it was proper to do so. Though the trial judge acted on his own motion the effect is the same as if defendant had moved for a finding on plaintiff's evidence. Such motion could not properly have been made until plaintiff had completed her case and rested.[1] But even if plaintiff's evidence was all in, it was still not proper to find against her at that stage of the case. Her evidence must be taken as true, and viewed in a light most favorable to her, and with all reasonable inferences drawn in her favor.[2] This is applying the familiar rule which governs in jury trials.[3] Under that rule the evidence could then be tested only for legal sufficiency and not for mere weight or credibility. The rule does not divest the trial

judge of his fact-finding functions; it merely requires that he refrain from making such findings until the evidence has been completed. By "completed" we mean, of course, either a situation where both sides have offered testimony and rested, or where the plaintiff had rested, and defendant had made a motion for a finding on plaintiff's case, and had stood upon the motion and declined to offer any evidence. Such was not the situation here.

 We think plaintiff made a prima facie showing. The evidence in her behalf tended to prove a purchase from defendant's manager, payment of an agreed purchase price and failure of defendant to deliver the subject matter of the sale. These elements taken as true (as they must be for present purposes) substantially established her claim, and it was error to reject it merely because of conflicts, contradictions or suspicious circumstances.[4] In other words, it was improper to hold that plaintiff's evidence was incredible as a matter of law. In two states there are cases which take a different view.[5] They seem to reason that since the judge as trier of the facts must eventually weigh the evidence, there is no reason why he should not do so "at the earliest possible time." We cannot adopt such a view. We can easily imagine the chaos which would follow the application of such a rule in jury cases, and there seems no better reason for adopting it in non-jury cases. This is especially important in the Municipal Court, where most trials are had without juries, and where a sound procedure should be followed, to guard against too hasty judgment.

No doubt there are occasional cases where a plaintiff's own evidence may show that defendant must prevail, such as a claim upon a gambling debt, or one which is void on grounds of public policy, or one clearly barred by limitations, or one turn-

---

[1] Crown Point Mining Co. v. Buck, 8 Cir., 97 F. 462; Fire Ass'n of Philadelphia v. Oneida County Macaroni Co., 2 Cir., 294 F. 633; Preston v. Peck, 271 Mass. 159, 171 N.E. 54; Crean v. McMahon, 106 Md. 507, 68 A. 265, 14 L.R.A., N.S., 798.

[2] Yellow Cab Co. v. Griffith, D.C.Mun. App., 40 A.2d 340; Birchall v. Capital Transit Co., D.C.Mun.App., 34 A.2d 624; Viner v. Friedman, D.C.Mun.App., 33 A. 2d 631; Lohse v. Coffey, D.C.Mun.App., 32 A.2d 258.

[3] Spahn v. Mandell, 111 N.J.L. 144, 167 A. 663; Lorino v. Crawford Packing Co.,

Tex.Civ.App., 169 S.W.2d 235; Windus v. Bodecker, 132 Kan. 857, 297 P. 702; Jones v. Toledo, etc., R. Co., Mo.App., 202 S.W. 433.

[4] Central, etc., Ass'n v. United States F. & G. Co., 334 Mo. 580, 66 S.W.2d 550.

[5] Euclid Arcade Bldg. Co. v. H. A. Stahl Co., 99 Ohio St. 47, 121 N.E. 820; Berwald Stewart Co. v. Creston Co., Ohio App., 53 N.E.2d 205; Tiger v. Ward, 60 Okl. 36, 158 P. 941; Culp v. Trent, 99 Okl. 112, 226 P. 348; Nolan v. Mathis, 134 Okl. 86, 272 P. 865; Universal Life Ins. Co. v. Berry, 177 Okl. 92, 57 P.2d 879.

ing upon the construction of a contract, with only one possible result. In such cases the court may very properly hold that no responsive evidence is required of defendant because in no view of the law can plaintiff recover. But this is not such a case. The decision rendered in the court below was clearly predicated on a premature weighing of the evidence for credibility.

Reversed with instructions to award a new trial.