No. 37,265

W. O. RAINES, *Appellee*, v. LOUIS BENDURE and R. H. BENDURE, *Appellants*.

(199 P. 2d 456)

Opinion filed November 13, 1948.

*J. O. Emerson*, of Kansas City, argued the cause, and *Edward M. Boddington*, and *Edward M. Boddington, Jr.*, both of Kansas City, were with him on the briefs for the appellants.

*Robert L. Boyce, Jr.*, of Kansas City, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages growing out of a collision between a truck and an automobile at a street intersection. Defendants filed a counterclaim. The jury found against liability as to each. The trial court allowed plaintiff a new trial. Defendants have appealed from the order overruling their demurrer to the plaintiffs' evidence.

The amended petition alleged that Louis Bendure was a minor and he and R. H. Bendure were residents of Kansas City, Kan., that Strong avenue runs east and west in Kansas City and Thirty-third street north and south intersecting Strong avenue at right angles; that about June 3, 1946, about 7 a. m. plaintiff was operating a truck in an easterly direction on Strong avenue to the immediate right of the center line; that the automobile owned and

operated by R. H. Bendure through his agent, Louis Bendure, who was at that time acting in the furtherance of the business of R. H. Bendure, was being driven on Strong avenue in an easterly direction at the extreme right lane of the street and to the right of plaintiff's truck; that when the vehicles arrived at Thirty-third street defendant, Louis Bendure, suddenly without warning turned to his left in a northerly direction in front of plaintiff's truck, causing him, in an attempt to avoid colliding with the Bendure automobile, to pull his truck sharply to his left and causing the truck to collide with the automobile; that the collision caused plaintiff to lose control of his truck so that it continued on across the intersection and came to rest against a brick building at the northeast corner of the intersection, causing damage to the truck. The petition alleged G. S. 1945 Supp. 8-544, 8-547 and 8-549, were in effect and that the above statutes were violated by defendant Bendure; that Bendure was negligent, which negligence was the proximate cause of the collison, and the resulting damage to plaintiff in turning suddenly in front of plaintiff's truck without signaling for a left turn, as required by the statutes; failing to make his turn in the proper lane of traffic, as required by statutes; and in failing to maintain a sharp lookout before turning when he saw or could have seen plaintiff behind him; and in failing to slow down when he could by ordinary care have seen that a collision was imminent.

Defendants filed an answer admitting the allegations about the parties and the location of the streets and that the truck of the plaintiff collided with the Bendure automobile and denying every other allegation. For a second defense, the defendants alleged that as he approached the intersection plaintiff drove his truck at an excessive rate of speed of thirty miles per hour; alleged that the district where the collision occurred was thickly settled and on one of the main highways of the city; that plaintiff could have exercised reasonable care and reduced the speed from thirty miles an hour and could have reduced it to twenty miles but he failed to so reduce it; that the excessive rate of speed at the time plaintiff approached the intersection was forty-five miles an hour; that he was negligent in undertaking to pass the Bendure automobile at the intersection; that he could have passed it on the right-hand side after he saw that Bendure was turning to the left and plaintiff was driving his vehicle on the left-hand side of the street and on the wrong side of the road for regular travel; that the above negligence contributed

to any damages plaintiff sustained. For a third defense, the defendants pleaded that Strong avenue was fifty feet wide and Thirty-third street forty feet wide at the place of intersection; that Louis Bendure was driving the Bendure automobile eastward on Strong avenue on the right-hand side of the street; that plaintiff caused the truck being driven by him to strike the left-hand side of defendants' automobile, damaging it; that this negligence was the proximate cause of the collision and consisted in the plaintiff's driving the truck at an excessive rate of speed, attempting to pass the vehicle driven by Louis Bendure in the intersection of Strong avenue and Thirty-third street, plaintiff was negligent in not turning to his right and passing the automobile driven by Louis Bendure and in failing to sound the horn just before he attempted to pass Bendure.

Defendants asked judgment against plaintiff in the amount of $650.

The reply was a general denial.

At the close of plaintiff's evidence defendants demurred to it on the ground that it did not establish a cause of action in favor of plaintiff and against the defendants. This demurrer was overruled.

The jury found a verdict in favor of the defendants and against the plaintiff on plaintiff's petition for damages and in favor of the plaintiff and against defendants on defendants' cross petition for damages.

The plaintiff filed a motion for a new trial on the ground of abuse of discretion by the court, erroneous rulings of the court, the verdict was given under the influence of passion and prejudice and the verdict was contrary to the evidence.

The defendants did not file any motion for a new trial.

After the court had sustained the plaintiff's motion for a new trial the defendants asked that there be another hearing so that they might make a record of the court's reason for such action. The court made a memorandum from this ruling on the question and amongst other things said:

"In the instant case the court sustained plaintiff's motion for a new trial for the specific reasons that the court was convinced that the verdict was not supported by the credible evidence and that it was evident to the court that in arriving at the verdict the jury had either ignored the instructions given or rendered a verdict under the influence of passion and prejudice, and that as a result of all of these the verdict of the jury, if approved, would result in a miscarriage of justice."

Defendants argue amongst other things that the court erred in granting a new trial because the reasons given for that action were insufficient. This point is not good. The above quoted extract from the court's memorandum indicates clearly that the court was not satisfied with the verdict. Under such circumstances it was the court's duty to set it aside. (See *Moler v. Cox*, 158 Kan. 589, 149 P. 2d 611; *Cole v. Lloyd*, 161 Kan. 150, 166 P. 2d 577; and *Pugh v. City of Topeka*, 151 Kan. 327, 99 P. 2d 862.)

As to defendant's demurrer to the plaintiff's evidence, the plaintiff testified, in part, as follows:

"On June 3, 1946, I was traveling east on Strong Avenue with a load of gravel, six and a half tons, and just before I got to Thirty-third Street I ran up onto the defendant Louis Bendure, driving a Chevrolet car. He was traveling on the inside of the south street car track. I was following him, I would say two truck lengths from his car. He pulled out to the right off of the track on the outside and I assumed he was going to park; to pull out to the curb to park. I started on by. I was out in the middle of the street car track, I would say that the front end of my truck was about middleways of his car, and all of a sudden he made a left-hand turn. I don't know how come him to do that or anything about it, but he made a left-hand turn to the north right in front of my truck and naturally I swerved to the left. I pulled to the left all I could bear to pull it without turning over. With the load, turn a truck over awfully easy. I seen what I was going to do and I tried to straighten it up then the best I could and went square into the corner of the Meyers Ice Cream building. Of course I put my brakes on. I couldn't put them on full force. If I had I would have went over endwards. It has got booster brakes on it. It would stop it right now. And it went into that building."

It is true the above was testified to by the plaintiff, and by him only.

In consideration of a demurrer to the evidence, this court does not weigh evidence. Furthermore, we give plaintiff the benefit of all reasonable inferences that may be drawn from the evidence that is favorable to him. (See *Quail v. Kansas Power & Light Co.*, 137 Kan. 478, 21 P. 2d 332, citing *Windus v. Bodecker*, 132 Kan. 857, 297 Pac. 702, and cases there cited.)

The above testimony on the part of the plaintiff was substantial evidence of the negligence of the driver of defendants' car and we find no uncontradicted evidence of contributory negligence on the part of the plaintiff therein.

The judgment of the trial court is affirmed.