**BLOCK v. DAVIS et al.**

**No. 1339.**

Municipal Court of Appeals for the
District of Columbia.

Argued April 27, 1953.

Decided May 21, 1953.

Rehearing Denied June 9, 1953.

Jacob W. Block, appellant pro se.

Monroe L. Davis, appellee pro se.

No appearance for appellee, Mildred Davis.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Jacob Block sued Monroe and Mildred Davis for $357 unpaid rent. When the case was reached for hearing the tenants denied owing the amount claimed. According to the record, "at plaintiff's request the matter was turned over to Miss Wilkins for an accounting." [1] The record is not clear concerning the nature of the proceedings. It states "plaintiff had two hearings on this case," but as far as we can ascertain from the record these were not judicial proceedings. All the record indicates is that there was a meeting between Miss Wilkins and the landlord at which time he presented his records concerning this tenancy and Miss Wilkins made a report to the court which formed the basis of the court's judgment for $51 against Monroe Davis alone.[2] After the landlord had filed notice of appeal, the court ordered the judgment previously entered for $51 to be changed to $5. The minute entry indicates this change was made "because of a clerical error," but the statement of proceedings and evidence states the change was made "on rechecking the accounting report * * *."

The landlord, dissatisfied with the amount of the judgment and its rendition against one defendant only, complains that he has never had a trial. We think his position is justified. We have twice pointed out that findings of fact may be made only after the evidence has been completed.[3]

1. The record does not identify Miss Wilkins, but we take judicial notice she is not an officer of the court, but is a social welfare consultant employed by the Board of Public Welfare for service in connection with the landlord and tenant branch of the trial court.

2. The statement of proceedings and evidence states the report showed a total

rent of $1,008 and payments of $947 and that the court found for the landlord for the balance of $51. If the rent and payment figures are correct, the balance was $61.

3. Merriam v. Sugrue, D.C.Mun.App., 41 A. 2d 166; Carow v. Bishop, D.C.Mun.App., 50 A.2d 598.

Here there was no evidence at all and no trial in the accepted legal sense. The record does not show that any opportunity was afforded the parties to testify under oath, to offer evidence or to cross-examine opposing parties. While proceedings in the landlord and tenant branch are somewhat informal in nature, the formality of a trial cannot be dispensed with except upon clear stipulation of the parties. Mere informal hearings or conferences plus an unofficial report cannot take the place of a trial or support a judgment.

Reversed.