No. 39,223

Adeline Harris, *Appellant*, v. Joe Harris, *Appellee*.

(267 P. 2d 955)

Opinion filed March 6, 1954.

*Myles C. Stevens*, of Kansas City, argued the cause, and *John E. Blake*, of Kansas City, was with him on the briefs for the appellant.

*J. W. Mahoney*, of Kansas City, argued the cause, and *David W. Carson* and *Louis Johnson*, both of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This is a partition action in which the plaintiff appeals from the trial court's ruling granting the defendant a new trial.

From what we have been able to glean from an incomplete and unsatisfactory record the facts leading up to the institution of this lawsuit appear to be as follows: The plaintiff, Adeline Harris, and Johnson Harris, Sr., each of whom had children living by prior marriages, were married in 1910. They separated in 1918 and thereafter ceased to live together as husband and wife. In 1926 Johnson, Sr., together with his son, Johnson Harris, Jr., began purchasing Lot 21, Block 27, in Wyandotte City, an addition to Kansas City, Kansas, under an option contract. In 1927 Adeline and Johnson, Sr., became involved in a divorce proceeding, brought by Adeline, which never came to trial. However, in anticipation of a trial and subsequent divorce decree they entered into a postnuptial contract dated January 20, 1927, under the terms of which, in consideration

of a sum specified therein and subsequently paid to her attorney, Adeline released Johnson, Sr., from all alimony and equity she might have in any and all real and personal property which he then owned.

Following execution of the postnuptial contract and during the latter part of 1927 Johnson, Sr., and Johnson, Jr., completed payment of the purchase price and obtained a deed to the real estate in question. Johnson, Jr., died between 1927 and 1945 and after his death, in some manner not disclosed by the record, Johnson, Sr., acquired full title thereto. Subsequently, and in 1945 he deeded it to another son, Joe Harris, the defendant herein, with whom he had been making his home for sometime. Johnson, Sr., died on August 26, 1948, without ever having been legally divorced from Adeline. Apparently the pre-existing marital relationship became much more important to her after his death. In any event she commenced the instant action against Joe Harris in the district court of Wyandotte county on February 1, 1949, claiming to be the owner of an undivided one-half interest in and to the real estate theretofore conveyed to him by Johnson, Sr., and asking that it be partitioned accordingly.

For some reason the defendant, Joe Harris, although served with process failed to answer the plaintiff's petition. As a result a default judgment was rendered against him on September 7, 1950, *by the Judge of Division No. 4* of the District Court of Wyandotte County decreeing plaintiff to be the owner of an undivided one-half interest in the property described in the petition and directing that it be divided in kind or sold in the manner contemplated by law in partition cases, the proceeds thereof to be divided between the plaintiff and the defendant. The record discloses no further action on the part of the parties to the cause until January 22, 1952. On that date the Judge rendering the default judgment found that the defendant had denied plaintiff's right to possession of the property and ordered all parties to the action to appear for the purpose of determining their possessory rights. If they appeared on that date the record does not so show. However, it does appear that shortly thereafter the defendant filed a motion to set aside such judgment; that issues were joined on that pleading; that such issues were tried *by the Judge of Division No. 1* of the District Court of Wyandotte County, who ultimately set aside the judgment and, on October 30, 1952, overruled a motion for new trial; that no appeal was taken from this judgment or ruling; and that on March 3, 1952, the defendant, obviously with leave of the court, filed an answer

to the petition, which had been filed more than three years before, wherein he denied that plaintiff had an interest in any part of the property, asserted that he was the owner thereof, and asked that his title therein be quieted as against her.

With issues joined as heretofore related the cause came on for hearing on April 10, 1953, this time before *Thomas E. Joyce, judge pro tem for Division No. 3* of the District Court of Wyandotte County who, after hearing the evidence and argument of counsel, held that plaintiff was the owner of an undivided one-fourth interest in the property, instead of a one-half interest as found in the default decree, and entered his judgment accordingly, along with other orders respecting the payment of rents to plaintiff for defendant's use thereof in prior years and matters which he deemed necessary to secure a just and equitable partition of the real estate, as authorized by our statute (G. S. 1949, 60-2114).

Upon rendition of the judgment last above mentioned, and within the time permitted by our civil code (G. S. 1949, 60-3003), defendant filed a motion for new trial. Before it could be heard the term of the judge pro tem rendering the judgment expired. Thereupon, such motion came on for hearing before Samuel E. Terbovich, *a newly elected judge pro tem of Division No. 3* of the Wyandotte County District Court, in the presence of counsel for the respective parties and the official court reporter for such division who had with him the complete record, consisting of his stenographic notes, made by him at the trial of the action and who, at the request of the judge, read at length from such record as various questions came up regarding the evidence taken and other matters occurring at the trial.

After satisfying himself as to the state of the record on questions raised by the parties and, after hearing arguments made by their respective counsel regarding them, this judge pro tem announced in substance that he was not satisfied with the decision rendered by the judge pro tem who had preceded him and granted the motion for new trial. This appeal followed.

This is one case where there can be no question regarding the issues involved on appellate review. Appellant limits her right of review to a single issue when, in her brief, she states:

"The question of law involved in this case is whether a successor judge can grant a new trial without having the complete record of the testimony before him when the same was available."

At the outset it should be said that much of the foregoing factual statement is not required in order to dispose of the issue involved

but is included in this opinion for the reason it affords a practical demonstration of the difficulties encountered in the court below, and for that matter this court on appellate review, when what would otherwise be a comparatively simple case has been shunted about from pillar to post in district court for a long period of time in the manner herein described.

The issue raised on appellate review, as presented in appellant's brief and on oral argument, involves the construction to be.given the provisions of G. S. 1949, 60-3002, which read:

"A motion for a new trial shall not be sustained and a new trial shall not be granted by the judge of any district court of the state of Kansas, for the reason that a different judge is hearing the motion for a new trial from the judge that tried the case: *Provided,* That the evidence has been taken in such trial and is available for the judge hearing the motion for a new trial and such judge has the facts before him in passing on such motion."

There is some question whether the foregoing statute has application in the face of circumstances such as are here involved. In fact we doubt that it has for it is certain it was enacted for the purpose of curtailing the practice of a successor judge granting a motion for a new trial without regard to its merits solely upon the ground he had not had an opportunity to hear the evidence in the case. (See *Prather-Wolfe Merc. Co. v. Carnes,* 135 Kan. 590, 11 P. 2d 1018.) Be that as it may, by a process of reasoning which we find it somewhat difficult to follow, the over-all contention advanced by appellant is that since such statute precludes the sustaining of a motion for a new trial, where the evidence is available, for the reason a judge other than the one trying the case is passing upon the motion, it necessarily follows that the successor judge must have before him a complete transcript of the evidence taken at the trial in order to sustain such a motion. Otherwise, and more specifically stated, her position is that under and by virtue of the terms of 60-3002, *supra,* the judge pro tem sustaining the instant motion for a new trial, which we pause to note was based on practically all of the statutory grounds (G. S. 1949, 60-3001), had no right to do so without having read a complete transcript of the evidence taken at the trial even though the reporter taking such evidence was present in the courtroom with stenographic notes of all that transpired which could be, and many of which were, read back to such judge on his request or at the request of counsel for the respective parties. We cannot agree with appellant's construction of the statute. Assuming it has application, it is our view the most it requires

is that the evidence at the trial be made available to the successor judge hearing the motion; that this requirement is met when the stenographic notes taken by the reporter at the trial are produced in court and can be read by such reporter or even a succeeding reporter; and that thereafter such a judge may have such portions of the record read to him as he deems necessary to enable him to pass upon the merits of the motion for a new trial. There may be cases where a successor judge in sustaining a motion for new trial does not have sufficient facts before him to warrant the granting of that relief. If so error should be assigned upon that basis and not upon the premise, as is here urged, that in view of the provisions of 60-3002, *supra*, he cannot grant a new trial unless he has a complete transcript of the evidence taken at the trial before him. Definite indication that this has long been the view of this court appears in *Prather-Wolfe Merc. Co. v. Carnes*, supra, in which although a motion for new trial was not passed upon until there was a successor judge and a new court reporter, this court said:

". . . The fact that there was a new court reporter did not make the evidence unavailable, and no sufficient reason for nonproduction of the evidence is disclosed.

". . . In this instance there is nothing to indicate that the trial reporter *was not subject to call of the court or of counsel for defendant, to aid in putting the court in possession of the evidence in the case,* and without clear proof establishing that the evidence could not in fact be made available the court was without authority to grant a new trial." (p. 593.) (Emphasis supplied.)

Standing alone, the conclusion just announced requires an affirmance of the trial court's action in granting the motion for new trial in view of the limited issue presented on appellate review. However, it may be well to touch briefly upon the propriety of that ruling under the facts and circumstances disclosed by the record. Heretofore we have indicated that the judge pro tem had the reporter read excerpts from the testimony relating to questions raised by the parties and that after doing so he announced in substance that he was not satisfied with the decision of his predecessor. Assuming, as we must, (*Schroeder v. Texas Co.*, 169 Kan. 607, 609, 219 P. 2d 1063; *Rothman v. Globe Construction Co.*, 171 Kan. 572, 235 P. 2d 981) that what he caused to be read from the record was sufficient to convince him that he was not satisfied with the preceding trial court's decision it was his duty to set such decision aside (*Raines v. Bendure*, 166 Kan. 41, 199 P. 2d 456; *Myers v. Wright*, 167 Kan. 728, 208 P. 2d 589; *Bishop v. Huffman*, 175 Kan. 270, 274,

262 P. 2d 948) by granting a new trial and we cannot say, as ·our decisions require if that ruling is to be reversed (*Moon v. Lord,* 172 Kan. 139, 141, 238 P. 2d 506, and cases there cited), that under the confronting facts and circumstances his action was wholly unwarranted and clearly amounts to abuse of discretion.

The judgment is affirmed.